UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHANTEL ARNOLD | CIVIL ACTION |
| VERSUS | NO. 22-3332 |
| JULIO ALVARADO, ET AL | SECTION "E"(5) |

### ANSWER, AFFIRMATIVE DEFENSES AND JURY DEMAND

**NOW INTO COURT**, through undersigned counsel, come Defendants, Sheriff Joseph P. Lopinto, III, and Deputy Julio Alvarado, who, in response to the Complaint filed herein by the Plaintiff, respectfully submit the following:

### FIRST DEFENSE

The Complaint fails to state a claim against the Defendants upon which relief can be granted.

### SECOND DEFENSE

All of the acts and actions taken by the Defendants therein were reasonable under the circumstances and do not support a claim under a theory of vicarious liability or *respondeat superior*.

**THIRD DEFENSE**

That the Plaintiff, by virtue of her own actions and conduct, was guilty of negligence and/or contributory negligence and/or assumption of the risk, all of which will be more fully shown at the trial of this matter.

**FOURTH DEFENSE**

The Court is without jurisdiction in this matter inasmuch as the amount in controversy, exclusive of interest and costs, does not exceed the sum and value of $75,000.00.

**FIFTH DEFENSE**

The Court is without jurisdiction as to all claims asserted by the Plaintiff in this matter inasmuch as the Complaint fails to state a proper claim for relief under the Constitution of the United States or any United States statute.

**SIXTH DEFENSE**

All of the acts and actions taken by the Defendants herein were reasonable under the circumstances and were taken pursuant to valid and constitutional policies and in no way provide any basis for any claim under *Monell*.

**SEVENTH DEFENSE**

Defendants further submit that the claims of the Plaintiff are frivolous, groundless and unreasonable and, as such, the Defendants are entitled to an award against the Plaintiff for all attorney's fees and costs expended in this matter pursuant to 42 USC 1983.

**EIGHTH DEFENSE**

Defendants affirmatively plead qualified immunity and any other applicable immunities and/or limitations of liability as provided for in the Constitution and laws of the United States

and the Constitution and laws of the State of Louisiana, including but not limited to the discretionary immunity provided in La. R.S. 9:2798.1.

## NINTH DEFENSE

Any and all damages and/or injuries sustained or incurred by the Plaintiff were the fault of individuals and/or entities over whom the Defendants have no control.

## TENTH DEFENSE

That any actions taken by the Defendants were taken in good faith, with probable cause, without malice and under laws believed to be constitutional, thereby entitling the Defendants to the defense of qualified immunity.

## ELEVENTH DEFENSE

That the sole and proximate cause of any injuries and/or damages alleged sustained herein were the actions and/or inactions of the Plaintiff, which actions and/or inactions are affirmatively pled in bar of/reduction of any recovery herein.

## TWELFTH DEFENSE

And now, Defendants respond to the allegations of the Plaintiff's Complaint, paragraph by paragraph, as follows:

I.

The allegations contained in paragraph 1 are denied for lack of sufficient information upon which to justify a belief therein.

II.

The allegations contained in paragraph 2 are denied.

III.

The allegations contained in paragraph 3 require no answer; however, in an abundance of caution, those allegations are denied.

IV.

The allegations contained in paragraph 4 are admitted to the extent that the events sued upon occurred within the judicial jurisdiction of this Court.

V.

The allegations contained in paragraph 5 are denied for lack of sufficient information upon which to justify a belief therein.

VI.

The allegations contained in paragraph 6, as they pertain to the status of Defendant, Julio Alvarado, are admitted; all other allegations are denied.

VII.

The allegations contained in paragraph 7 are denied. Further answering, there is no political subdivision capable of being sued known as the Jefferson Parish Sheriff's Office.

VIII.

The allegations contained in paragraph 8, as they pertain to the status of Defendant, Sheriff Joseph P. Lopinto, III, are admitted; all other allegations are denied.

IX.

The allegations contained in paragraph 9 are denied for lack of sufficient information upon which to justify a belief therein.

X.

The allegations contained in paragraph 10 are admitted.

XI.

The allegations contained in paragraph 11 are denied for lack of sufficient information upon which to justify a belief therein.

XII.

The allegations contained in paragraph 12 are denied for lack of sufficient information upon which to justify a belief therein.

XIII.

The allegations contained in paragraph 13 are denied.

XIV.

The allegations contained in paragraph 14 are denied.

XV.

The allegations contained in paragraph 15 are denied.

XVI.

The allegations contained in paragraph 16 are denied.

XVII.

The allegations contained in paragraph 17 are denied for lack of sufficient information upon which to justify a belief therein.

XVIII.

The allegations contained in paragraph 18 are denied.

XIX.

The allegations contained in paragraph 19 are denied for lack of sufficient information upon which to justify a belief therein.

XX.

The allegations contained in paragraph 20 are admitted.

XXI.

The allegations contained in paragraph 21 are denied for lack of sufficient information upon which to justify a belief therein.

XXII.

The allegations contained in paragraph 22 are denied for lack of sufficient information upon which to justify a belief therein.

XXIII.

The allegations contained in paragraph 23 are denied.

XXIV.

The allegations contained in paragraph 24 are denied.

XXV.

The allegations contained in paragraph 25 are denied.

XXVI.

The allegations contained in paragraph 26 are denied.

XXVII.

The allegations contained in paragraph 27 are denied for lack of sufficient information upon which to justify a belief therein.

XXVIII.

The allegations contained in paragraph 28 are denied for lack of sufficient information upon which to justify a belief therein.

XXIX.

The allegations contained in paragraph 29 are denied for lack of sufficient information upon which to justify a belief therein.

XXX.

The allegations contained in paragraph 30 are denied for lack of sufficient information upon which to justify a belief therein.

XXXI.

The allegations contained in paragraph 31 are denied.

XXXII.

The allegations contained in paragraph 32 are admitted.

XXXIII.

The allegations contained in paragraph 33 are admitted.

XXXIV.

The allegations contained in paragraph 34 are denied.

XXXV.

The allegations contained in paragraph 35 are denied.

XXXVI.

The allegations contained in paragraph 36 are denied.

XXXVII.

The allegations contained in paragraph 37 are denied.

XXXVIII.

The allegations contained in paragraph 38 are denied.

XXXIX.

The allegations contained in paragraph 39 are denied.

XL.

The allegations contained in paragraph 40 are denied.

XLI.

The allegations contained in paragraph 41 are denied.

XLII.

The allegations contained in paragraph 42 are denied for lack of sufficient information upon which to justify a belief therein.

XLIII.

The allegations contained in paragraph 43 are denied for lack of sufficient information upon which to justify a belief therein.

XLIV.

The allegations contained in paragraph 44 are denied for lack of sufficient information upon which to justify a belief therein.

XLV.

The allegations contained in paragraph 45 are denied as written.

XLVI.

The allegations contained in paragraph 46 are denied as written.

XLVII.

The allegations contained in paragraph 47 are denied.

XLVIII.

The allegations contained in paragraph 48 are denied.

XLIX.

The allegations contained in paragraph 49 are denied.

L.

The allegations contained in paragraph 50 are denied.

LI.

The allegations contained in paragraph 51 are denied for lack of sufficient information upon which to justify a belief therein.

LII.

The allegations contained in paragraph 52 are denied.

LIII.

The allegations contained in paragraph 53 are denied.

LIV.

The allegations contained in paragraph 54 are denied for lack of sufficient information upon which to justify a belief therein.

LV.

The allegations contained in paragraph 55 are denied for lack of sufficient information upon which to justify a belief therein.

LVI.

The allegations contained in paragraph 56 are denied for lack of sufficient information upon which to justify a belief therein.

LVII.

The allegations contained in paragraph 57 are denied.

LVIII.

The allegations contained in paragraph 58 are denied for lack of sufficient information upon which to justify a belief therein.

LIX.

The allegations contained in paragraph 59 require no answer; however, in an abundance of caution, those allegations are denied.

LX.

The allegations contained in paragraph 60 are denied.

LXI.

The allegations contained in paragraph 61 require no answer; however, in an abundance of caution, those allegations are denied.

LXII.

The allegations contained in paragraph 62 require no answer; however, in an abundance of caution, those allegations are denied.

LXIII.

The allegations contained in paragraph 63 are denied.

LXIV.

The allegations contained in paragraph 64 are denied as written.

LXV.

The allegations contained in paragraph 65 are denied.

LXVI.

The allegations contained in paragraph 66 are denied.

LXVII.

The allegations contained in paragraph 67 are denied.

LXVIII.

The allegations contained in paragraph 68 are denied.

LXIX.

The allegations contained in paragraph 69 require no answer; however, in an abundance of caution, those allegations are denied.

LXX.

The allegations contained in paragraph 70 require no answer; however, in an abundance of caution, those allegations are denied.

LXXI.

The allegations contained in paragraph 71 require no answer.

LXXII.

The allegations contained in paragraph 72 are denied.

LXXIII.

The allegations contained in paragraph 73 are denied.

LXXIV.

The allegations contained in paragraph 74 require no answer; however, in an abundance of caution, those allegations are denied.

LXXV.

The allegations contained in paragraph 75 are denied.

LXXVI.

The allegations contained in paragraph 76 are denied.

LXXVII.

The allegations contained in paragraph 77 are denied for lack of sufficient information upon which to justify a belief therein.

LXXVIII.

The allegations contained in paragraph 78 are denied.

LXXIX.

The allegations contained in paragraph 79 require no answer; however, in an abundance of caution, those allegations are denied.

LXXX.

The allegations contained in paragraph 80 are admitted.

LXXXI.

The allegations contained in paragraph 81 are denied.

LXXXII.

The allegations contained in paragraph 82 are denied for lack of sufficient information upon which to justify a belief therein.

LXXXIII.

The allegations contained in paragraph 83 are denied.

LXXXIV.

The allegations contained in paragraph 84 require no answer; however, in an abundance of caution, those allegations are denied.

LXXXV.

The allegations contained in paragraph 85 are denied.

LXXXVI.

The allegations contained in paragraph 86 are denied.

LXXXVII.

The allegations contained in paragraph 87 require no answer; however, in an abundance of caution, those allegations are denied.

LXXXVIII.

The allegations contained in paragraph 88 are denied.

LXXXIX.

The allegations contained in paragraph 89 are denied.

XC.

The allegations contained in paragraph 90 are denied.

XCI.

The allegations contained in paragraph 91 require no answer; however, in an abundance of caution, those allegations are denied.

XCII.

The allegations contained in paragraph 92 are denied.

XCIII.

The allegations contained in paragraph 93 are denied.

XCIV.

The allegations contained in paragraph 94 are denied.

XCV.

The allegations contained in paragraph 95 are denied.

XCVI.

Further answering, Defendants aver that the sole and proximate cause of any and all damages and/or injuries sustained by Plaintiff during the series of incidents complained of herein were the actions and/or inactions of the Plaintiff herself, or actions of individuals over whom the Defendants have no authority or control.

XCVII.

Further answering, Defendants affirmatively plead that any and all actions taken by Deputy Julio Alvarado were taken in good faith, with probable cause, and without malice, entitling him to qualified immunity.

XCVIII.

Further answering, Defendants, Sheriff Joseph P. Lopinto, III, and Deputy Julio Alvarado, respectfully request trial by jury on all issues herein.

**WHEREFORE,** Defendants, Sheriff Joseph P. Lopinto, III, and Deputy Julio Alvarado, pray that this Answer be deemed good and sufficient and that, after due proceedings are had, there be judgment herein in favor of Defendants, Sheriff Joseph P. Lopinto, III, and Deputy Julio Alvarado, and against the Plaintiff, Shantel Arnold, dismissing the Plaintiff's Complaint, with prejudice, and her costs.

Respectfully submitted,

**MARTINY & ASSOCIATES, LLC**
131 Airline Highway - Suite 201
Metairie, Louisiana 70001
Telephone: (504) 834-7676
Facsimile: (504) 834-5409
E-mail: danny@martinylaw.com
jeff@martinylaw.com
mulljtc@gmail.com

*/s/ Daniel R. Martiny*
**DANIEL R. MARTINY (9012)**
**JEFFREY D. MARTINY (35012)**
**JAMES B. MULLALY (LA Bar #(28296)**
Attorneys for Defendants, Sheriff Joseph P. Lopinto, III and Deputy Julio Alvarado

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of February, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to all participating counsel of record herein.

*/s/ Daniel R. Martiny*
DANIEL R. MARTINY (9012)