UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHANTEL ARNOLD<br>　　Plaintiff | CIVIL ACTION |
| VERSUS | NO. 22-3332 |
| JULIO ALVARADO, ET AL.,<br>　　DEFENDANTS | SECTION: "E" |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' STATEMENT OF MATERIAL FACTS**

　　Plaintiff Shantel Arnold submits the following responses to Defendants' list of material facts:

1. Plaintiff denies Paragraph 1 to the extent it mischaracterizes the allegations within the Complaint. Plaintiff reiterates that "On September 20, 2021, Deputy Alvarado responded to a 911 call reporting a fight on Richard Avenue in front of an apartment complex. Shantel Arnold was the victim in the fight. A group of kids from the apartment complex had physically attacked her, and she was walking home from the altercation at around 4:00 p.m." Rec. Doc. 1 ¶ 10, 11.

2. Plaintiff admits in part and denies in part Paragraph 2. Plaintiff admits that "Deputy Alvarado did not charge or cite Shantel Arnold for any crimes on September 20, 2021." Rec. Doc. 1 ¶ 20. Plaintiff also admits that she was transported to the hospital after being brutally beaten by Deputy Alvarado. See the deposition of Shantel Arnold attached hereto as Exhibit 1, Arnold Dep. 173, 25; 174, 1-25. (Dec. 2023). Plaintiff denies that she was not cooperative with the investigation and that Deputy Alvarado used minimal force against her. See Arnold Dep. 136, 3-25; 137, 1-3; 139, 1-10; 141, 2-12; 142, 7-9, 15-19; 143, 6-16; 151, 3-9; 152, 3-23; 157, 11-14; 160, 17-25; 161-1-12 (Dec. 2023). See the video of the incident attached hereto as Exhibit 2. Plaintiff has testified that she told Deputy Alvarado that she was the victim of the subject fight. *See Id*. Deputy Alvarado disregarded her and then "snatched Shantel Arnold by the arm and twisted it behind her back," "then grabbed Shantel Arnold by her hair, lifted her off the ground and violently slammed her against the ground on multiple occasions," "then placed Shantel Arnold onto her stomach and put his knee and body weight on her back, interrupting her breathing and blood flow." Rec. Doc. 1 ¶¶13, 14, 15. See Exhibit 2. See also Rec. Doc 32. "Deputy Alvarado inflicted Shantel Arnold with serious bodily injuries." Rec. Doc. 1 ¶ 16. *See also,* Exhibit 2. Plaintiff also denies that she was transported to the hospital for injuries as a result of "fistic encounter" with the minor children. See Arnold Dep. 136, 3-25; 137, 1-3; 139, 1-10; 141, 2-12; 142, 7-9, 15-19; 143, 6-16; 151, 3-9; 152, 3-23; 157, 11-14; 160, 17-25; 161, 1-12; 176, 1-25; 315, 24-25; 316 1-2 (Dec. 2023). See Exhibit 2; See also, Rec. Doc. 1 ¶¶ 13, 14, 15, 16.

3. Plaintiff admits in part and denies in part Paragraph 3. Plaintiff admits that she has sued for excessive force in violation of her Fourth Amendment United States Constitutional right and related state law claims. Rec. Doc. 1 Plaintiff denies this statement to the extent it mischaracterizes her claims by omitting the claims under the Fourteenth Amendment United States Constitution, assault and battery, negligence, and vicarious liability under Louisiana State law. *Id.*

4. Plaintiff admits Paragraph 4. Further, Plaintiff refers to Rec. Doc. 1 ¶¶ 87, 88, 89, 90.

5. Plaintiff admits Paragraph 5. Further, Plaintiff refers to Rec. Doc. 1 ¶¶ 87, 88, 89, 90.

6. Plaintiff admits Paragraph 6. Further, Plaintiff refers to Rec. Doc. 1 ¶¶ 91, 92, 93, 94, 95.

7. Plaintiff denies Paragraph 7. Sheriff Lopinto has testified that he is aware of the multitude of complaints against the Sheriff's Office by African Americans alleging excessive force; he had campaigned for body cameras as a result of these complaints and acknowledged that quite often, officers' use of force with the public goes unreported. See the deposition of Sheriff Lopinto attached hereto as Exhibit 3, Lopinto Dep. 46, 16-25; 47, 1-19; 52, 8-12; 175, 11-16; 176, 6-25, 177, 1-4; 208, 2-19; 210, 4-16; 214, 18-25; 216, 25; 217, 1-23; 218, 16-25; 219, 1-25; 220, 1-7 (Dec. 2023). See Rec. Doc. 1 ¶ 42, 48-53; See also, *Gomez, et al versus Jefferson Parish Sheriff's Office, et al.*, United States District Court, Eastern District of Louisiana, Case No. 16-17046 ,which was referenced in Rec. Doc. 1 ¶¶ 42-44 and attached hereto as Exhibit 4. See Lisa Riordan Sevilly and Hannah Rappleye, *A sheriff's deputy shot a 14-year-old boy. It went unreported for months*, NBC News, Jul. 16, 2020, https://www.nbcnews.com/news/us-news/sheriff-s-deputy-shot-14-year-old-boy-it-went-n1234057, which was referenced in Rec. Doc. 1 ¶ 48 and attached hereto as Exhibit 5. John Burnett, Larger-Than-Life Sheriff Rules Louisiana Parish, NPR, November 28, 2006, http://www.npr.org/2006/11/28/6549329/larger-than-life-sheriff-rules-louisiana-parish ,which was referenced in Rec. Doc. 1 ¶ 49 and attached hereto as Exhibit 6. See also, Loyola University New Orleans College of Law, Louisiana Deaths Behind Bars 2015-2019, Incarceration Transparency, June 2021, https://www.incarcerationtransparency.org/wp-content/uploads/2021/06/LA-Death-Behind-Bars-Report-Final-June-2021.pdf ,which was referenced in Rec. Doc. 1 ¶ 59 and attached hereto as Exhibit 7. See Police Scorecard, Jefferson Parish Sheriff's Department (2020), https://policescorecard.org/la/sheriff/jefferson-parish ,which was referenced in Rec. Doc. 1 ¶ 51 and attached hereto as Exhibit 8. See the deposition of Sergeant David Canas attached hereto as Exhibit 9, Canas Dep. 85, 23-25; 86, 1; 108-114; 90, 19-25; 91, 1-5; 93, 7-25; 94, 1-9 (Dec. 2023). See the deposition of Frank Guttuso attached hereto as Exhibit 10, Guttuso Dep.123, 11-23; 138 5-

14; 140 23-25; 141, 1-12; 145, 13-25 (Dec. 2023). At all times relevant to this incident, the sheriff's officer had, in effect, written policies and procedures, including a Use of Force Policy for the Jefferson Parish Sheriff's Office. See Lopinto Dep. 61- 66 (Dec. 2023). Deputy Alvarado violated those written policies and procedures by using excessive and unlawful force against Shantel Arnold and failing to report the excessive and unlawful force. See Lopinto Dep. 107- 110 (Dec. 2023). Sheriff Lopinto and the Jefferson Parish Sheriff's Office violated those written policies and procedures when they tolerated and have continued to tolerate the force Deputy Alvarado used against Shantel Arnold, in violation of the written policies and procedures and instructed Deputy Alvarado not to write a report on the force he used against Shantel Arnold on September 20, 2021. *See Id.* See Canas Dep. 85, 23-25; 86, 1; 108-114; 90, 19-25; 91, 1-5; 93, 7-25; 94, 1-9 (Dec. 2023). See Guttuso Dep.123, 11-23; 138 5-14; 140 23-25; 141, 1-12; 145, 13-25 (Dec. 2023). Sheriff Lopinto and the Jefferson Parish Sheriff's Office's failure to enforce the written policies and procedures, including the Standard Operating Procedures and Use of Force Policy, has rendered the written policies and procedures meaningless and ineffective. Rec. Doc. 1.

8. Plaintiff denies Paragraph 8. Sheriff Lopinto has testified that he is aware of the multitude of complaints against the Sheriff's Office by African Americans alleging excessive force; he had campaigned for body cameras as a result of these complaints and acknowledged that quite often, officers' use of force with the public goes unreported. See the deposition of Sheriff Lopinto attached hereto as Exhibit 3, Lopinto Dep. 46, 16-25; 47, 1-19; 52, 8-12; 175, 11-16; 176, 6-25, 177, 1-4; 208, 2-19; 210, 4-16; 214, 18-25; 216, 25; 217, 1-23; 218, 16-25; 219, 1-25; 220, 1-7 (Dec. 2023). See Rec. Doc. 1 ¶ 42, 48-53; See also, *Gomez, et al versus Jefferson Parish Sheriff's Office, et al.*, United States District Court, Eastern District of Louisiana, Case No. 16-17046,which was referenced in Rec. Doc. 1 ¶¶ 42-44 and attached hereto as Exhibit 4. See Lisa Riordan Sevilly and Hannah Rappleye, *A sheriff's deputy shot a 14-year-old boy. It went unreported for months*, NBC News, Jul. 16, 2020, https://www.nbcnews.com/news/us-news/sheriff-s-deputy-shot-14-year-old-boy-it-went-n1234057, which was referenced in Rec. Doc. 1 ¶ 48 and attached hereto as Exhibit 5. John Burnett, Larger-Than-Life Sheriff Rules Louisiana Parish, NPR, November 28, 2006, http://www.npr.org/2006/11/28/6549329/larger-than-life-sheriff-rules-louisiana-parish ,which was referenced in Rec. Doc. 1 ¶ 49 and attached hereto as Exhibit 6. See also, Loyola University New Orleans College of Law, Louisiana Deaths Behind Bars 2015-2019, Incarceration Transparency, June 2021, https://www.incarcerationtransparency.org/wp-content/uploads/2021/06/LA-Death-Behind-Bars-Report-Final-June-2021.pdf ,which was referenced in Rec. Doc. 1 ¶ 59 and attached hereto as Exhibit 7. See Police Scorecard, Jefferson Parish Sheriff's Department (2020), https://policescorecard.org/la/sheriff/jefferson-parish ,which was referenced in Rec. Doc. 1 ¶ 51 and attached hereto as Exhibit 8. See the deposition of Sergeant David Canas attached hereto as Exhibit 9, Canas Dep. 85, 23-25; 86,

1; 108-114; 90, 19-25; 91, 1-5; 93, 7-25; 94, 1-9 (Dec. 2023). See the deposition of Frank Guttuso attached hereto as Exhibit 10, Guttuso Dep.123, 11-23; 138 5-14; 140 23-25; 141, 1-12; 145, 13-25 (Dec. 2023). At all times relevant to this incident, the sheriff's officer had, in effect, written policies and procedures, including a Use of Force Policy for the Jefferson Parish Sheriff's Office. See Lopinto Dep. 61- 66 (Dec. 2023). Deputy Alvarado violated those written policies and procedures by using excessive and unlawful force against Shantel Arnold and failing to report the excessive and unlawful force. See Lopinto Dep. 107- 110 (Dec. 2023). Sheriff Lopinto and the Jefferson Parish Sheriff's Office violated those written policies and procedures when they tolerated and have continued to tolerate the force Deputy Alvarado used against Shantel Arnold, in violation of the written policies and procedures and instructed Deputy Alvarado not to write a report on the force he used against Shantel Arnold on September 20, 2021. See Canas Dep. 85, 23-25; 86, 1; 108-114; 90, 19-25; 91, 1-5; 93, 7-25; 94, 1-9 (Dec. 2023). See Guttuso Dep.123, 11-23; 138 5-14; 140 23-25; 141, 1-12; 145, 13-25 (Dec. 2023). Sheriff Lopinto and the Jefferson Parish Sheriff's Office's failure to enforce the written policies and procedures, including the Standard Operating Procedures and Use of Force Policy, has rendered the written policies and procedures meaningless and ineffective. Rec. Doc. 1.

9. Plaintiff denies Paragraph 9. Sheriff Lopinto has testified that he is aware of the multitude of complaints against the Sheriff's Office by African Americans alleging excessive force; he had campaigned for body cameras as a result of these complaints and acknowledged that quite often, officers' use of force with the public goes unreported. See the deposition of Sheriff Lopinto attached hereto as Exhibit 3, Lopinto Dep. 46, 16-25; 47, 1-19; 52, 8-12; 175, 11-16; 176, 6-25, 177, 1-4; 208, 2-19; 210, 4-16; 214, 18-25; 216, 25; 217, 1-23; 218, 16-25; 219, 1-25; 220, 1-7 (Dec. 2023). See Rec. Doc. 1 ¶ 42, 48-53; See also, *Gomez, et al versus Jefferson Parish Sheriff's Office, et al.*, United States District Court, Eastern District of Louisiana, Case No. 16-17046, which was referenced in Rec. Doc. 1 ¶¶ 42-44 and attached hereto as Exhibit 4. See Lisa Riordan Sevilly and Hannah Rappleye, *A sheriff's deputy shot a 14-year-old boy. It went unreported for months*, NBC News, Jul. 16, 2020, https://www.nbcnews.com/news/us-news/sheriff-s-deputy-shot-14-year-old-boy-it-went-n1234057, which was referenced in Rec. Doc. 1 ¶ 48 and attached hereto as Exhibit 5. John Burnett, Larger-Than-Life Sheriff Rules Louisiana Parish, NPR, November 28, 2006, http://www.npr.org/2006/11/28/6549329/larger-than-life-sheriff-rules-louisiana-parish ,which was referenced in Rec. Doc. 1 ¶ 49 and attached hereto as Exhibit 6. See also, Loyola University New Orleans College of Law, Louisiana Deaths Behind Bars 2015-2019, Incarceration Transparency, June 2021, https://www.incarcerationtransparency.org/wp-content/uploads/2021/06/LA-Death-Behind-Bars-Report-Final-June-2021.pdf ,which was referenced in Rec. Doc. 1 ¶ 59 and attached hereto as Exhibit 7. See Police Scorecard, Jefferson Parish Sheriff's Department (2020), https://policescorecard.org/la/sheriff/jefferson-parish ,which was referenced

in Rec. Doc. 1 ¶ 51 and attached hereto as Exhibit 8. See the deposition of Sergeant David Canas attached hereto as Exhibit 9, Canas Dep. 85, 23-25; 86, 1; 108-114; 90, 19-25; 91, 1-5; 93, 7-25; 94, 1-9 (Dec. 2023). See the deposition of Frank Guttuso attached hereto as Exhibit 10, Guttuso Dep. 123, 11-23; 138 5-14; 140 23-25; 141, 1-12; 145, 13-25 (Dec. 2023). At all times relevant to this incident, the sheriff's officer had, in effect, written policies and procedures, including a Use of Force Policy for the Jefferson Parish Sheriff's Office. See Lopinto Dep. 61- 66 (Dec. 2023). Deputy Alvarado violated those written policies and procedures by using excessive and unlawful force against Shantel Arnold and failing to report the excessive and unlawful force. See Lopinto Dep. 107- 110 (Dec. 2023). Sheriff Lopinto and the Jefferson Parish Sheriff's Office violated those written policies and procedures when they tolerated and have continued to tolerate the force Deputy Alvarado used against Shantel Arnold, in violation of the written policies and procedures and instructed Deputy Alvarado not to write a report on the force he used against Shantel Arnold on September 20, 2021. See Canas Dep. 85, 23-25; 86, 1; 108-114; 90, 19-25; 91, 1-5; 93, 7-25; 94, 1-9 (Dec. 2023). See Guttuso Dep.123, 11-23; 138 5-14; 140 23-25; 141, 1-12; 145, 13-25 (Dec. 2023). Sheriff Lopinto and the Jefferson Parish Sheriff's Office's failure to enforce the written policies and procedures, including the Standard Operating Procedures and Use of Force Policy, has rendered the written policies and procedures meaningless and ineffective. Rec. Doc. 1.

**This is the 5th day of January 2024.**

                              Respectfully submitted,

                              /s/ Gary M. Carter, Jr.
                              _____

                              Gary M. Carter, Jr. (Bar No. 27987)
                              **THE CARTER FIRM**
                              2401 Westbend Parkway
                              Suite 3070
                              New Orleans, LA 70114
                              Telephone: 504-459-2309
                              Facsimile: 504-459-2312
                              gcarter@carterandfirm.com
                              **ATTORNEY FOR PLAINTIFF**