UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SHANTEL ARNOLD,**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-3332** |
| **JULIO ALVARADO, ET AL.,**<br>    **Defendants** | **SECTION: "E" (3)** |

### ORDER AND REASONS

Before the Court is Plaintiff Shantel Arnold's Motion in Limine "to exclude the use and/or introduction of evidence of her criminal history and/or prior arrest."[1] The motion is opposed by Defendants, Jefferson Parish Sheriff Joseph P. Lopinto, III, and Deputy Julio Alvarado.[2] For the reasons that follow, the Court **DEFERS** ruling on the motion and will require pretrial briefing and hear oral argument from the parties on the first day of trial.

The factual background of this case is set forth more fully in the Court's prior Order and Reasons.[3] On September 16, 2022, Plaintiff sued Defendants under federal and state law for alleged violations of her civil rights during a 2021 incident.[4] In her Complaint, Plaintiff alleges Deputy Alvarado responded to a call, engaged Plaintiff, then twisted her arm, grabbed her hair, lifted her off the ground, and slammed her against the ground.[5] The incident was captured on video and widely circulated in local and national media.[6] Following the encounter, Plaintiff was not cited for any violations nor charged with any crimes.[7]

---

[1] R. Doc. 27.
[2] R. Doc. 30.
[3] *See* R. Doc. 53.
[4] *See generally* R. Doc. 1.
[5] *See id.*
[6] *Id.* at p. 5.
[7] *Id.* at p. 4.

On December 19, 2023, Plaintiff filed this motion in limine, arguing "[t]he introduction of evidence of [her] criminal history and/or prior arrest is prohibited under Federal Rule of Evidence 404; it is irrelevant under Federal Rule 401; and the evidence is more prejudicial than probative under Federal Rule 403."[8] In their response, filed December 26, 2023, Defendants argue "that Plaintiff's criminal history . . . is relevant and admissible" under Rules 404(b), 405(b), and 609, and it is not unduly prejudicial under the balancing test of Rule 403.[9] A four-day jury trial in this matter is set to begin June 17, 2024.[10]

In her motion, Plaintiff makes three intertwined arguments for barring introduction of any evidence regarding her criminal history at trial. She contends her criminal history "is not relevant to"[11] her claims against Defendants as defined by Rule 401 and is thus excludable.[12] She further argues that evidence regarding her criminal history is not admissible under Rule 404(b), which excludes "[e]vidence of any other crime, wrong, or act . . . to provide a person's character in order to show that on a particular occasion the person acted in accordance with the character."[13] Lastly, Plaintiff argues that if the Court finds any evidence regarding her criminal history *is* admissible, its probative value "is substantially outweighed" by the risk of undue prejudice, and the evidence is excludable under Rule 403.[14]

Despite her arguments, Plaintiff does not name specific incidents or arrests she wishes to exclude from introduction at trial, and she does not list any exhibits concerning

---

[8] R. Doc. 27-1 at p. 1.
[9] R. Doc. 30 at p. 1; *see generally id.*
[10] R. Doc. 36.
[11] R. Doc. 27-1 at pp. 2–3.
[12] Plaintiff's claim, in fact, is that the evidence is excludable under Rule 402, which provides "[i]rrelevant evidence is not admissible." Rule 401 provides the definition of relevant evidence.
[13] R. Doc. 27-1 at p. 3.
[14] *Id.* at pp. 3–4.

2

the same she requests should be excluded. The Court cannot rule on Plaintiff's arguments with no knowledge of what specific evidence Plaintiff wishes to exclude.

Similarly, in their response, Defendants do not *clearly identify* what evidence of other "crime[s], wrongs, or acts"[15] they wish to introduce at trial.[16] They do not list any exhibits that would show Plaintiff's prior arrests or criminal history. Rather, Defendant rely on a blanket statement that "Plaintiff's criminal history," which "involves numerous instances of resisting arrest, cursing, and spitting at officers," and her related "pattern of disregarding and resisting law enforcement" are relevant and admissible under [Rule] 404(b) as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."[17] This is merely a reproduction of the text of Rule 404(b)(2). Nowhere do Defendants specify how they will use the evidence of Plaintiff's other crimes, wrongs, or acts and for what purpose other than to prove character, a purpose that is forbidden by Rule 404(b)(1).[18] Defendants only support their argument by saying the evidence will be used for a permitted use as defined by Rule 404(b)(2).[19]

Defendants' reliance on Rule 405(b) is of no use, either.[20] Rule 405(b) permits evidence of "relevant specific instances of [a] person's conduct" to prove a "character or trait" when that person's "character or character trait an essential element of a charge, claim, or defense." But as described above, Defendants represent they intend to use evidence of Plaintiff's criminal history for a purpose *other* than proving Plaintiff's character—to prove "motive, opportunity, intent, preparation, plan, knowledge, identity,

---

[15] Fed. R. Evid. 404(b).
[16] *See* R. Doc. 30.
[17] *Id.* at p. 4.
[18] "Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."
[19] R. Doc. 30 at pp. 3–4.
[20] *See id.* at pp. 5.

3

absence of mistake, or lack of accident."[21] The Court takes Defendants at their word: they do not intend to introduce this evidence to prove character. As a result, Rule 405(b) is inapplicable.

Defendants further rely on *United States v. Beechum*[22] for the proposition that when "the extrinsic offense evidence is relevant to an issue such as motive or intent, knowledge, [or] absence of mistake, it may well be that the evidence has probative force that is not substantially outweighed by its inherent prejudice."[23] *Beechum*, however, by its plain language, concerned the "relevance" of "an extrinsic offense" as "a function of its similarity to the *offense charged*."[24] In this case, Plaintiff was not charged with any offense. The 1978 *Beechum* opinion of the en banc Fifth Circuit explained, at length, "the effect of the recently enacted Federal Rules of Evidence on" the then-existing doctrine "that the essential physical elements of [an] extrinsic offense [offered as evidence] include those of the offense charged and that each of these elements be proved by plain, clear, and convincing evidence."[25] Defendants never describe how *Beechum*'s lengthy analysis of Rule 404(b) in the *criminal prosecution* context can be applied to their desire to introduce Plaintiff's criminal history to aid their *civil defense*. *Beechum* is irrelevant and unhelpful.

Neither party's pleading is sufficient to allow the Court to make this evidentiary ruling. As a result, the Court will require pretrial briefing and hear oral argument on the first day of trial. The Court defers ruling on this motion until that time.

## **CONCLUSION**

---

[21] *Id.* at p. 4.
[22] 582 F.2d 898 (5th Cir. 1978) (en banc).
[23] R. Doc. 30 at p. 21.
[24] 582 F.2d at 911–912 (emphasis added).
[25] *Id.* at 903 (citing *United States v. Broadway*, 477 F.2d 991 (5th Cir. 1973)).

For the foregoing reasons, the Court **DEFERS** ruling on the motion. Accordingly;

**IT IS ORDERED** that the parties will file pretrial memoranda **on or before Friday, June 14, 2024.**

In her memorandum, Plaintiff must identify the specific incidents or arrests she wishes to exclude from introduction at trial and explain why exclusion is appropriate under the relevant Federal Rules of Evidence. Plaintiff must also describe any exhibits concerning the same incidents or arrests she requests be excluded.

In their memorandum, Defendants must describe the specific evidence of other crimes, wrongs, or acts they wish to introduce and to explain how that evidence is useful for any purpose other than to show character.[26] If Defendants argue that Plaintiff's character for truthfulness may be attacked under Rule 609, they must identify the criminal conviction that serves as the basis for the attack and explain why the evidence is admissible under Rule 609.

**IT IS FURTHER ORDERED** the Court will hear oral argument on the motion and pretrial memoranda on the first day of trial, **Monday, June 17, 2024.**

**New Orleans, Louisiana, this 30th day of May, 2024.**

                                        **SUSIE MORGAN**
                                 **UNITED STATES DISTRICT JUDGE**

---

[26] *See* Fed. R. Evid. 404(a), 404(b).