# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SHANTEL ARNOLD,** | **CIVIL ACTION** |
| **Plaintiff** | |
| | |
| **VERSUS** | **NO.  22-3332** |
| | |
| **JULIO ALVARADO, ET AL.,** | **SECTION: "E" (3)** |
| **Defendants** | |

## ORDER AND REASONS

Before the Court is Plaintiff Shantel Arnold's Motion to Disqualify Franz Zibilich from acting as counsel for the Defendants in this matter.[1] The motion is opposed by Defendants, Jefferson Parish Sheriff Joseph P. Lopinto, III, and Deputy Julio Alvarado.[2] For the reasons that follow, the motion is **DENIED**.

## BACKGROUND

On September 16, 2022, Plaintiff sued Defendants under federal and state law for alleged violations of her civil rights during a 2021 incident.[3] In her Complaint, Plaintiff alleges Deputy Alvarado responded to a call, engaged Plaintiff, then twisted her arm, grabbed her hair, lifted her off the ground, and slammed her against the ground.[4] The incident was captured on video, and Plaintiff alleges it was widely circulated in local and national media.[5] Following the encounter, Plaintiff was not cited for any violations nor charged with any crimes.[6]

On May 30, 2024, Plaintiff filed this motion to disqualify Franz Zibilich from acting

---

[1] R. Doc. 68.
[2] R. Doc. 78.
[3] *See generally* R. Doc. 1.
[4] *See id.*
[5] *Id.* at p. 5.
[6] *Id.* at p. 4.

as counsel for the Defendant.[7] Zibilich previously served as an ad hoc judge in First Parish Court in Jefferson Parish, Louisiana, in an unrelated criminal proceeding in which the Plaintiff pleaded guilty on August 22, 2022.[8]  Plaintiff's counsel, Gary Carter, was added to the criminal case as counsel for Plaintiff on March 10, 2022.[9] Defendants have informed the Court they do not intend to attempt to introduce evidence from that criminal proceeding at this trial. In this matter, Zibilich enrolled as counsel for the Defendants on February 5, 2024.[10] Plaintiff filed her motion to disqualify Zibilich nearly four months later.[11] Zibilich was designated as lead counsel for the Defendants on May 31, 2024.[12]

Plaintiff argues that pursuant to "(1) the Local Rules for the Eastern District of Louisiana ("Local Rules"); (2) the American Bar Association's Model Rules of Professional Conduct ("Model Rules"); (3) the ABA's Model Rules of Professional Conduct ("Model Code")[13], and (4) the Louisiana Rules of Professional Conduct ("Louisiana Rules")," Zibilich failed to disclose this conflict of interest to this Court and should as a result be disqualified.[14]  Plaintiff argues that because Zibilich "made significant rulings in the Plaintiff's criminal matter," his participation as opposing counsel in this matter is a conflict of interest, is harmful, and is "intimidating [and] threatening."[15] Plaintiff also argues that Zibilich's failure to disclose his participation in the prior criminal matter "would substantially erode the public confidence in the judicial system."[16]

---

[7] R. Doc. 68.
[8] R. Doc. 68-1 at p. 5.
[9] *Id.* at 9.
[10] R. Doc. 43.
[11] R. Doc. 68.
[12] R. Doc. 72.
[13] The Plaintiff cites the 1969 ABA Model Code as a separate source, yet this Code was superseded by the Model Rules in 1983.
[14] R. Doc. 68.
[15] R. Doc. 68-1 at p. 1.
[16] *Id.* at p. 3.

Defendant responds that Plaintiff argues only that Model Rule of Professional Conduct Rule 1.12[17], Rule 3.3[18], and "the appearance of impropriety doctrine"[19] require disqualification.[20] Defendant argues that none of these guidelines applies because Rule 1.12 only applies for former judges acting as counsel in the *same* matter, Zibilich's position does not impose a duty to disclose under Rule 3.3, and the appearance of impropriety doctrine does not apply because Plaintiff has not alleged that any impropriety has actually occurred. Defendant also contends that by filing the Motion to Disqualify nearly four months after Zibilich's enrollment in this matter, Plaintiff has waived any objection she may assert.

A four-day trial in this matter is set to begin June 17, 2024.[21]

## LEGAL STANDARD

### I.   Motions to Disqualify

"Motions to disqualify are substantive motions affecting the rights of the parties and are determined by applying standards developed under federal law."[22] "As such, and because disqualification of an attorney is a harsh and disruptive remedy, the party seeking disqualification bears the burden of proving a conflict of interest requiring disqualification.[23] Motions to disqualify in the Fifth Circuit are governed by state and national ethical standards.[24] In determining disqualification, at least three ethical canons

---

[17] Model R. Prof. Conduct 1.12.
[18] Model R. Prof. Conduct 3.3.
[19] *See Treece v. Perrier Cond.  Owners' Ass'n*, 559 F. Supp. 3d 530, 541-43 (E.D. La. 2021).
[20] R. Doc. 78.
[21] R. Doc. 36.
[22] *In re American Airlines, Inc.,* 972 F.2d 605, 610 (5th Cir. 1992), *cert. denied*, 507 U.S. 912, 113 S.Ct. 1262, 122 L.Ed.2d 659 (1993); *Sumpter v. Hungerford*, 2013 WL 2181296 at *5 (E.D. La. May 20, 2013).
[23] *United States v. Decay et al*, 406 F. Supp. 2d 679, 683 (E.D. La. 2005) (citing *F.D.I.C. v. U.S. Fire Ins. Co*., 50 F.3d 1304, 1316 (5th Cir. 1995)).
[24] *In re Dresser Indus.'s*, 972 F.2d 540, 543 (5th Cir. 1992) ("[W]e consider [motions to disqualify] governed by the ethical rules announced by the national profession in light of the public interest and the litigants' rights.").

are relevant: (1) the Local Rules; (2) the Model Rules;  (3) and the Louisiana Rules.[25] The local rules "are the most immediate source of guidance for the district court."[26]

The Local Rules for the Eastern District of Louisiana incorporate Louisiana Rules.[27] Nevertheless, the Fifth Circuit does "not mechanically apply the rule of disqualification."[28] "All the facts particular to a case must be considered, in the context of the relevant ethical criteria and with meticulous deference to the litigant's rights."[29]

In considering a motion to disqualify, in addition to the formal rules, the court views the rules in light of the litigant's rights and public interest considering "whether a conflict has (1) the appearance of impropriety in general, or (2) a possibility that a specific impropriety will occur, and (3) the likelihood of public suspicion from the impropriety outweighs any social interests which will be served by the lawyer's continued participation in the case."[30] The court "scrutinize[s] the 'precise nature of the relationship between the present and former representations."[31]

## **LAW AND ANALYSIS**

### II.    **Model Rule 1.12.**

Model Rule 1.12(a) states:

1.12. Former Judge, Arbitrator, Mediator, or Other Third-Party Neutral
(a) Except as stated in paragraph (d), a lawyer shall not represent anyone in connection with a matter in which the lawyer participated personally and substantially as a judge or other adjudicative officer or law clerk to such a person or as an arbitrator, mediator or other third-party neutral, unless all

---

[25] *See Horaist v. Doctor's Hosp. of Opelousas*, 255 F.3d 261, 266 (5th Cir. 2001).
[26] *F.D.I.C. v. U.S. Fire Ins. Co.*, 50 F.3d 1304, 1312 (5th Cir. 1995).
[27] LR 83.2.3.
[28] *Johnston v. Harris Cnty. Flood Control Dist.*, 869 F.2d 1565, 1569 (5th Cir. 1989). *See also Church of Scientology of Cal. v. McLean*, 615 F.2d 691, 693 (5th Cir. 1980).
[29] *F.D.I.C. v. U.S. Fire Ins. Co.*, 50 F.3d at 1314.
[30] *Horaist v. Doctor's Hosp. of Opelousas*, 255 F.3d 261, 266 (5th Cir. 2001).
[31] *Johnston*, 869 F.2d at 1569.

parties to the proceeding give informed consent, confirmed in writing.[32]

Rule 1.12(a) is relevant because Zibilich is a former judge now serving as a private attorney.[33] However, this matter, Plaintiff's civil rights suit against Alvarado and the Jefferson Parish Sheriff's Office, is not the same matter as the one in which Zibilich presided as an ad hoc judge. Zibilich has not participated "personally and substantially"[34] as a judge in a proceeding in or related to the present matter in this Court. Further, he is not presently representing anyone in connection with the criminal proceeding in which Plaintiff entered a guilty plea in Jefferson Parish state court.[35] In this 1983 action, Plaintiff has not been criminally charged or arrested.

Accordingly, this Court holds that Model Rule 1.12(a) does not require disqualification of defense counsel, Franz Zibilich.

## III.   Model Rule 3.3.

Model Rule 3.3[36] generally governs candor towards the tribunal and instructs that an attorney shall not make false statements, fail to disclose prior false statements, or act in an otherwise untruthful manner towards the Court.[37] Plaintiff specifically references Model Rule 3.3(d), which provides that "[i]n an ex parte proceeding, a lawyer shall inform the tribunal of all material facts known to the lawyer that will enable the tribunal to make an informed decision, whether or not the facts are adverse."[38]

This matter is not an ex parte proceeding. Model Rule 3.3(d) contemplates ex parte

---

[32] Model R. Prof. Conduct 1.12(a).
[33] *See, e.g.*, *Parallel Networks, LLC v. Abercrombie & Fitch Co.*, No. 6:10-CV-111, 2016 WL 3883392, *2-*3 (E.D. Tex. Apr. 1, 2016) (applying Rule 1.12(a) to a former district judge turned private attorney).
[34] *Id.*
[35] *See id.* (analyzing the second part of Model Rule 1.12, 1.12(c), requiring screening and consent of the parties, for a former judge who became adverse to a party in the same case he presided over as a judge).
[36] Louisiana Rule 3.3(d) is the same as Model Rule 3.3(d). La. R. Prof. Conduct 3.3; Model R. Prof. Conduct 3.3.
[37] *See* Model R. Prof. Conduct 3.3.
[38] R. Doc. 68-1, p. 2-3; Model R. Prof. Conduct 3.3(d).

proceedings where due to the absence of the "opposing advocate[]," the attorney must disclose material facts known to them in pursuit of an "informed decision."[39] Model Rule 3.3(d) is not applicable to this matter in which all parties are represented.

## IV. Appearance of Impropriety

Finally, a Court should assess whether "the likelihood of public suspicion from the impropriety outweighs any social interests which will be served by the lawyer's continued participation in the case."[40] A court should evaluate whether there is a "reasonabl[e] possibility that some identifiable impropriety actually occurred."[41] Plaintiff alleges that allowing Zibilich to serve as defense counsel in this matter "show[s] an abuse by the judicial system to deprive the Plaintiff of her right to a fair jury trial" and causes additional harm to Plaintiff's case.[42]

Despite Plaintiff's arguments, the Court does not find that any "identifiable impropriety" has occurred. The Plaintiff has not shown that Zibilich's participation as defense counsel will deprive her right to a fair trial. Further, Defendants have informed the Court that they will not introduce evidence from Plaintiff's criminal plea proceedings from August 22, 2022, at this trial. Any alleged appearance of impropriety based on Zibilich's service as an ad hoc judge presiding over Plaintiff's 2022 plea negotiation is outweighed by the social interest inherent in Defendant's right to their choice of counsel,

---

[39] Model R. Prof. Conduct 3.3, cmt. 14.
[40] *Sumpter v. Hungerford*, 2013 WL 2181296, *5 (E.D. La. May 20, 2013) (citing *In re Dresser Indus.*, 972 F.2d 540, 543-44 (5th Cir. 1992)).
[41] *Treece v. Perrier Cond. Owners' Ass'n*, 559 F. Supp. 3d 530, 541 (E.D. La. 2021) (*citing F.D.I.C. v. U.S. Fire Ins. Co.*, 50 F.3d 1304, 1316 (5th Cir. 1995)).
1316).
[42] R. Doc. 68-1, p. 3.

particularly given the late filing of the motion to disqualify in this matter.[43]

**CONCLUSION**

For the foregoing reasons, Plaintiff's Motion to Disqualify Franz Zibilich is

**DENIED**.[44]

**New Orleans, Louisiana, this 11th day of June, 2024.**

_____

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[43] *See Matter of Andry*, No. 15-2478, 2020 WL 5982898, \*15 (E.D. La. Oct. 8, 2020).
[44] R. Doc. 68.