# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SHANTEL ARNOLD,** | **CIVIL ACTION** |
| **Plaintiff** | |
| | |
| **VERSUS** | **NO. 22-3332** |
| | |
| **JULIO ALVARADO, ET AL.,** | **SECTION: "E" (3)** |
| **Defendants** | |

## ORDER AND REASONS

Before the Court is Plaintiff's Motion in Limine[1] and Objections to Exhibit 15[2] and to certain pages of Exhibits 33 and 39.[3] Defendants Jefferson Parish Sheriff Joseph P. Lopinto, III and Jefferson Parish Sheriff's Deputy Julio Alvarado (the "Defendants") filed an opposition to Plaintiff's Motion in Limine[4] and Responses to Plaintiff's Objections.[5]

## BACKGROUND

On September 16, 2022, Plaintiff Shantel Arnold filed a Complaint asserting several causes of action under 28 U.S.C. § 1983 and Louisiana state law against Defendants Alvarado and Lopinto[6] related to Plaintiff's claim that Defendant Alvarado violated her civil rights when he "brutally beat" her without provocation or justification.[7] The Court's Order and Reasons issued on June 12, 2024, presents background information on the matter.[8]

Relevant to the instant Motion in Limine, Plaintiff claims she was attacked by

---

[1] R. Doc. 67.
[2] Exhibit 15 is identified as BATES 004203. R. Doc. 91-1.
[3] The Court issued a separate Order and Reasons with respect to Plaintiff's Objections to Exhibits 33 and 39. *See* R. Doc. 105.
[4] R. Doc. 85.
[5] R. Doc. 103 at p. 3.
[6] Plaintiff's complaint also named the Jefferson Parish Sheriff's Office ("JPSO") as a Defendant, but on April 5, 2024, the Court granted Plaintiff's motion to dismiss JPSO from this action without prejudice. *See* R. Doc. 1 (naming JPSO as a defendant); R. Doc. 51 (dismissing JPSO).
[7] *See generally* R. Doc. 1.
[8] R. Doc. 105.

teenagers on September 20, 2021, and afterward, was walking home when Deputy Alvarado arrived at the scene in response to a 911 call about the altercation. Plaintiff alleges she told Alvarado she was a victim of the attack and simply wished to go home. Instead of allowing her to leave the scene, Plaintiff alleges Alvarado "snatched" her by the arm, twisted her arm behind her back, grabbed her hair, lifted her off the ground, and slammed her against the ground several times. He then turned her onto her stomach and, using his knee, put the full weight of his body on her back. Ultimately, Plaintiff was not arrested nor charged with a crime.[9]

## LEGAL STANDARD

"It is well settled that motions in limine are disfavored."[10] "[T]he purpose of a motion in limine is to prohibit opposing counsel 'from mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' mind.'"[11] "Evidence is relevant" if "it has *any* tendency to make a fact . . . of consequence in determining the action" "more or less probable than it would be without the evidence."[12] "Evidence which is not relevant is not admissible."[13] Under Federal Rule of Evidence 403, the Court may exclude even relevant evidence "if its probative value is substantially outweighed by a danger of . . . unfair prejudice."[14] "'Unfair prejudice' . . . means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an

---

[9] R. Doc. 1 at pp. 1-4.
[10] *Auenson v. Lewis*, 94-2734, 1996 WL 457258, at *1 (E.D. La. Aug. 12, 1996) (citing *Hawthorne Partners v. AT & T Technologies, Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993)).
[11] *MGMTL, LLC v. Strategic Tech.*, 20-2138, 2022 WL 594894, at *2 (E.D. La. Feb. 28, 2022).
[12] FED. R. EVID. 401 (emphasis added).
[13] FED. R. EVID. 402.
[14] FED. R. EVID. 403.

emotional one."[15]

A proponent seeking to admit an item into evidence must first establish the item's authenticity.[16] The Fifth Circuit "does not require conclusive proof of authenticity before allowing the admission of disputed evidence," but "but merely requires some evidence which is sufficient to support a finding that the evidence in question is what its proponent claims it to be."[17] For video recordings, "[a]uthenticity can be established by testimony regarding camera use, quality, and reliability."[18] Ultimately, "[a]uthentication is a low burden, requiring only a showing 'sufficient to support a finding that the item is what the proponent claims it is,' . . . and the video's 'own distinctive characteristics' might overcome it."[19] "Once the proponent has made the requisite showing, the trial court should admit the exhibit . . . in spite of any issues the opponent has raised about flaws in the authentication."[20] "Such flaws go to the weight of the evidence instead of its admissibility."[21]

"An order in limine excludes only clearly inadmissible evidence; therefore evidence should not be excluded before trial unless it is clearly inadmissible on *all* potential grounds."[22] Instead, courts should reserve evidentiary rulings until trial so that questions as to the evidence "may be resolved in the proper context."[23] "When ruling on motions in

---

[15] *Old Chief v. United States*, 519 U.S. 172, 180 (1997).

[16] FED. R. EVID. 901.

[17] *Daneshjou v. JPMorgan Chase Bank, N.A.*, 799 F. App'x 296, 298 (5th Cir. 2020) (internal citations omitted).

[18] *Turner v. Knight Transp., Inc.*, 13-2864, 2016 WL 1259891, at *2-4 (W.D. La. Mar. 29, 2016) (citing *Beck v. Jet Equip. & Tools, Inc.*, 99-1687, 2001 WL 515243, at *2 (E.D. La. Mar. 28, 2001)).

[19] *Allen v. Hays*, 812 Fed. App'x 185, 193 (5th Cir. 2020).

[20] *United States v. Isiwele*, 635 F.3d 196, 200 (5th Cir. 2011) (citation and internal quotation marks omitted).

[21] *Id.*

[22] *Rivera v. Robinson*, 464 F. Supp. 3d 847, 853 (E.D. La. 2020) (quoting *Auenson*, 1996 WL 457258, at *1)).

[23] *Auenson*, 1996 WL 457258, at *1.

limine, the Court 'maintains great discretion [as to] evidentiary determinations.'"[24] If the evidence is not clearly inadmissible on all grounds, it is better for the court to decline to rule in advance of trial so that it will have the opportunity to resolve issues in context.

## LAW AND ANALYSIS

Plaintiff Arnold urges the Court to exclude video footage of the altercation between Plaintiff and the neighborhood children ("Exhibit 15"), or alternatively, the first 30 seconds of Exhibit 15.[25] Plaintiff argues Exhibit 15 is inadmissible because it "is not relevant to the primary issues of this case nor probative to any defense raised by the Defendants," as the video does not depict any activity related to the alleged use of force by Defendant Alvarado.[26] To the extent the Court finds it is relevant, Plaintiff contends Exhibit 15 should be excluded under Rule 403 because "the danger[s] of unfair prejudice, confusion of issues, and misleading the jury substantially outweigh any probative value the evidence may demonstrate."[27] Notwithstanding Plaintiff's arguments on the relevance of Exhibit 15, Plaintiff claims "Defendants cannot properly authenticate [the] video evidence as there is no witness to testify to the genuineness and accuracy of the depictions within the video, the function of the camera, or the competency of the operator of the equipment."[28]

In opposition, Defendants argue Exhibit 15 is relevant evidence that should not be excluded under Rule 403 and that Plaintiff has waived any objection to the admissibility

---

[24] *Jackson v. State Farm Fire & Cas. Co.*, 656 F. Supp. 3d 676 (W.D. La. 2023) (quoting *Parker v. John W. Stone Oil Distributors, L.L.C.*, 18-3666, 2019 WL 5212285, at *2 (E.D. La. Oct. 16, 2019)).
[25] R. Doc. 67-2; R. Doc. 91-1 at pp. 1-2.
[26] R. Doc. 67-2 at p. 4.
[27] *Id.* at p. 3.
[28] *Id.* at p. 5.

of the video footage at issue.[29] Defendants contend Exhibit 15 is relevant to Plaintiff's claim that Defendant Alvarado's alleged excessive use of force caused her to suffer a traumatic injury because it depicts "Plaintiff's savage beating" at the hands of another person prior to Defendant Alvarado's arrival at the scene.[30] Defendants further challenge Plaintiff's objection under Rule 403, arguing the probative value of the video footage outweighs any prejudice Plaintiff would suffer if it were to be admitted into evidence.[31] Finally, Defendants claim Plaintiff waived any objection to the authenticity or admissibility of Exhibit 15 because she "produced the video and submitted, under penalty of perjury, that the video was in fact video of the incident in question."[32] Alternatively, Defendants contend Plaintiff's objection to the video's authenticity is premature because Plaintiff has not given any reason to believe the video was improperly altered or inaccurately recorded and Defendants will have the burden to lay a foundation for its admissibility at trial, but need not do so prior to trial.[33]

With respect to the parties' arguments concerning the authenticity of Exhibit 15, the Court finds that "there is no real challenge that the video is inaccurate or unfairly depicts the [incident] in question or that the video was somehow altered or changed in the chain of custody."[34] Generally, "[t]he mere fact that a[n] [item] was produced by an opposing party during discovery, without more, is not conclusive of the [its]

---

[29] *See generally* R. Doc. 85. Defendants also argue Plaintiff's Motion in Limine should be denied because Plaintiff failed to provide the Court with necessary evidence to decide the motion—i.e., the video footage she seeks to exclude. *Id.* at p. 2. The Court has received Plaintiff's objection to Exhibit 15 and the parties' bench books, which contains the video footage at issue, thus finds this argument unavailing. *See* R. Doc. 91.
[30] R. Doc. 85 at p. 5.
[31] *Id.* at pp. 5-7.
[32] *Id.* at pp. 3-4, 7-11.
[33] *Id.* at pp. 8-9 (citing *Turner*, 2016 WL 1259891, at *2-4).
[34] *See Dugas v. Ace Am. Ins. Co.*, 468 F. Supp. 3d 769, 774 (5th Cir. 2020).

authenticity."[35] However, an item "may be authenticated by proof that it was produced in discovery" by the opposing party in combination with other factors, "such as the opposing party's failure to dispute [its] authenticity . . . and the [fact that the] opposing party affirmed the truth of the [item's] contents in its own briefing."[36] In this case, the Court finds that Defendants have satisfied the "low burden" of authenticating Exhibit 15 at this stage of the litigation because the Plaintiff produced the video during discovery and has failed to present a "real challenge" to its authenticity.

The Court further finds that Exhibit 15 is relevant. Video evidence of the altercation between Plaintiff Arnold and the neighborhood children has the "tendency to make a fact [of consequence] more or less probable than it would be without the evidence."[37] Plaintiff's condition at the time of the altercation is a fact of consequence in this case because Plaintiff seeks damages for injuries allegedly caused by Defendant Alvarado's use of excessive force shortly after the altercation as depicted in Exhibit 15. The Court, however, finds the first thirty seconds of the video is irrelevant to Plaintiff's allegations and has no probative value. Any slight probative value it may have is outweighed by the risk of unfair prejudice.[38] Accordingly, Plaintiff's Motion in Limine will be granted and Plaintiff's objection to Exhibit 15 will be sustained to exclude the first thirty seconds of the video of the altercation between Plaintiff and the neighborhood children.

## **CONCLUSION**

For the foregoing reasons;

---

[35] *Lawrence v. Great Lakes Dredge & Dock Co.*, 17-9775, 2018 WL 6047074, at *1 (E.D. La. Nov. 19, 2018) (citing *Elwakin v. Target Media Partners Operating Co.*, 901 F. Supp. 2d 730, 742 (E.D. La. Oct. 9, 2012)).
[36] *Id.*
[37] FED. R. EVID. 401.
[38] *See* FED. R. EVID. 403.

**IT IS ORDERED** that Plaintiff's Motion in Limine is **GRANTED IN PART**.[39]

**IT IS FURTHER ORDERED** that Plaintiff's objection to Exhibit 15, BATES 004203, is **SUSTAINED IN PART**.[40] The first thirty seconds of the video of the altercation between Plaintiff and the neighborhood children is hereby excluded.

**New Orleans, Louisiana, this 13th day of June, 2024.**

_____

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[39] R. Doc. 67.
[40] R. Doc. 91-1.