## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**SHANTEL ARNOLD,**                                    **CIVIL ACTION**
   **Plaintiff**

**VERSUS**                                             **NO.  22-3332**

**JULIO ALVARADO, ET AL.,**                            **SECTION: "E" (3)**
   **Defendants**

## ORDER AND REASONS

Before the Court is a Motion in Limine filed by Jefferson Parish Sheriff Joseph P. Lopinto, III and Jefferson Parish Sheriff's Deputy Julio Alvarado (the "Defendants").[1] Plaintiff Shantel Arnold filed an opposition.[2] Defendants filed a reply.[3]

## BACKGROUND

The Court's Order and Reasons issued on June 12, 2024, presents background information on the matter.[4] Relevant to the instant Motion in Limine, Plaintiff Arnold claims she was attacked by neighborhood children on September 20, 2021, and afterward, was walking home when Deputy Alvarado arrived at the scene in response to a 911 call about the altercation. Plaintiff alleges she told Alvarado she was a victim of the attack and simply wished to go home. Instead of allowing her to leave the scene, Plaintiff alleges Alvarado "snatched" her by the arm, twisted her arm behind her back, grabbed her hair, lifted her off the ground, and slammed her against the ground several times. He then turned her onto her stomach and, using his knee, put the full weight of his body on her back. Ultimately, Plaintiff was not arrested nor charged with a crime.[5] According to

---

[1] R. Doc. 70.
[2] R. Doc. 81.
[3] R. Doc. 88
[4] R. Doc. 105.
[5] R. Doc. 1 at pp. 1-4.

Plaintiff, the scene was captured on video and replayed widely by national media outlets.[6]

On September 16, 2022, Plaintiff filed a Complaint in this Court asserting several causes of action under 28 U.S.C. § 1983 and Louisiana state law against Defendants Alvarado and Lopinto.[7] Plaintiff claims Defendant Alvarado violated her civil rights when he "brutally beat" her without provocation or justification.[8] Plaintiff also asserts a *Monell* claim[9] against Defendant Lopinto, alleging that the Jefferson Parish Sheriff's Office ("JPSO") has "for years neglected to put into place preventative measures," including a policy regarding Body Worn Cameras ("BWCs"), to mitigate incidents of excessive force.[10] On May 30, 2024, Defendants filed the instant Motion in Limine seeking to preclude Plaintiff from offering evidence or argument related to the fact that the JPSO had no BWC policy in place at the time of the subject incident.[11]

## LEGAL STANDARD

"It is well settled that motions in limine are disfavored."[12] "[T]he purpose of a motion in limine is to prohibit opposing counsel 'from mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' mind.'"[13] "Evidence is relevant" if "it has *any* tendency to make a fact . . . of consequence in determining the action" "more or less probable than it would be without the evidence."[14]

---

[6] *Id.* at p. 5 n.1.
[7] Plaintiff's complaint also named the Jefferson Parish Sheriff's Office ("JPSO") as a Defendant, but on April 5, 2024, the Court granted Plaintiff's motion to dismiss JPSO from this action without prejudice. *See* R. Doc. 1 (naming JPSO as a defendant); R. Doc. 51 (dismissing JPSO).
[8] *See generally* R. Doc. 1.
[9] *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).
[10] R. Doc. 1 at p. 2.
[11] *See generally* R. Doc. 70.
[12] *Auenson v. Lewis*, 94-2734, 1996 WL 457258, at *1 (E.D. La. Aug. 12, 1996) (citing *Hawthorne Partners v. AT & T Technologies, Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993)).
[13] *MGMTL, LLC v. Strategic Tech.*, 20-2138, 2022 WL 594894, at *2 (E.D. La. Feb. 28, 2022).
[14] FED. R. EVID. 401 (emphasis added).

"Evidence which is not relevant is not admissible."[15] The Court may exclude even relevant evidence "if its probative value is substantially outweighed by a danger of . . . unfair prejudice."[16] "'Unfair prejudice' . . . means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one."[17]

"An order in limine excludes only clearly inadmissible evidence; therefore evidence should not be excluded before trial unless it is clearly inadmissible on *all* potential grounds."[18] Instead, courts should reserve evidentiary rulings until trial so that questions as to the evidence "may be resolved in the proper context."[19] "When ruling on motions in limine, the Court 'maintains great discretion [as to] evidentiary determinations.'"[20] If the evidence is not clearly inadmissible on all grounds, it is better for the court to decline to rule in advance of trial so that it will have the opportunity to resolve issues in context.

## LAW AND ANALYSIS

Generally, a *Monell* claim allows a litigant to sue a local government under 28 U.S.C. § 1983 when "the action that is alleged to be unconstitutional implements or executes a policy . . . officially adopted and promulgated by [the municipality's] officers."[21] To establish municipal liability under *Monell*, a plaintiff must identify: "(1) an official policy (or custom), of which (2) a policymaker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose 'moving force' is that policy or custom."[22] While an "official policy or custom" is "most clearly established

---

[15] FED. R. EVID. 402.
[16] FED. R. EVID. 403.
[17] *Old Chief v. United States*, 519 U.S. 172, 180 (1997).
[18] *Rivera v. Robinson*, 464 F. Supp. 3d 847, 853 (E.D. La. 2020) (quoting *Auenson*, 1996 WL 457258, at *1)).
[19] *Auenson*, 1996 WL 457258, at *1.
[20] *Jackson v. State Farm Fire & Cas. Co.*, 656 F. Supp. 3d 676 (W.D. La. 2023) (quoting *Parker v. John W. Stone Oil Distributors, L.L.C.*, 18-3666, 2019 WL 5212285, at *2 (E.D. La. Oct. 16, 2019)).
[21] *Monell*, 436 U.S. at 690 (1978).
[22] *Valle v. City of Hous.*, 613 F.3d 536, 541–42 (5th Cir. 2010) (quoting *Pineda v. City of Hous.*, 291 F.3d 325, 328 (5th Cir. 2002)).

through a formal directive officially adopted and promulgated by a policymaker,"[23] the "persistent, widespread practice of city officials or employees . . . so common and well settled as to constitute a custom that fairly represents municipal policy" suffices.[24] Thus, a plaintiff may show "either an unconstitutional official policy or a facially innocuous one 'promulgated with deliberate indifference to the known or obvious consequence that constitutional violations would result.'"[25]

"[I]f a policymaker's failure to take some action evidences a 'deliberate indifference' to constitutional rights, this inaction can fulfill the 'official policy' requirement."[26] "In this context, deliberate indifference is a 'stringent test,' and 'a showing of simple or even heightened negligence will not suffice to prove municipal culpability.'"[27] To show deliberate indifference, a plaintiff must demonstrate that the policymaker was "on actual or constructive notice" that its omission would likely result in a constitutional violation.[28] Only then is the omission "the functional equivalent of a decision by the [policymaker] itself to violate the Constitution."[29] "The Supreme Court has explained that these heightened requirements for establishing responsibility for a policy of omission are necessary to avoid imposing respondeat superior liability, which would run afoul of *Monell*."[30] Nevertheless, liability only attaches when "execution of [the] policy or custom," or failure to adopt a needed policy, "inflicts the injury."[31]

---

[23] *Barnes v. City of El Paso*, 677 F. Supp. 3d 594, 607 (W.D. Tex. 2023) (citing *Webster v. City of Hous.*, 735 F.2d 838, 841 (5th Cir. 1984), *modified on reh'g on other grounds*, 739 F.2d 993 (5th Cir. 1984)).
[24] *Zarnow v. City of Wichita Falls*, 614 F.3d 161, 169 (5th Cir. 2010) (quoting *Webster*, 735 F.2d at 841).
[25] *Quatroy v. Jefferson Parish Sheriff's Office*, 04-451 c/w 04-1425, 2009 WL 1380196, at *7 (E.D. La. 2009) (quoting *Piotrowski v. City of Hous.*, 237 F.3d 567, 579 (5th Cir. 2001)).
[26] *Id.* at *6 (citing *Burge v. Par. of St. Tammany*, 187 F.3d 452, 471 (5th Cir. 1999)).
[27] *Id.* (citing *Piotrowski*, 237 F.3d at 579).
[28] *Farmer v. Brennan*, 511 U.S. 825, 841 (1994).
[29] *Connick v. Thompson*, 563 U.S. 51, 61-62 (2011) (quoting *Canton v. Harris*, 489 U.S. 378, 395 (1989) (O'Connor, J., concurring in part and dissenting in part)).
[30] *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1143 (9th Cir. 2012) (citing *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 403–04 (1997)).
[31] *Monell*, 436 U.S. at 694.

In this case, Plaintiff Arnold alleges *Monell* liability on the basis that Defendant Lopinto is "the final policy maker[] for JPSO," and he "developed and maintained the policies, customs, and practices," which resulted in the failure "to properly train, supervise, investigate, and discipline wrongful conduct and excessive force by JPSO officers."[32] As the Court previously explained, Plaintiff's claim against Defendant Lopinto in his official capacity is a claim for municipal liability against the entity.[33] Relevant to the instant Motion in Limine, Plaintiff contends the JPSO has "neglected to put into place preventative measures," including a policy related to BWCs, which "proximately caused the violations of [Plaintiff's] rights."[34] Plaintiff argues that "[e]vidence of JPSO's failure to provide body-and-dash cameras to its deputies, including Deputy Alvarado, on September 20, 2021" is relevant to prove her *Monell* and conspiracy claims, specifically to demonstrate "the Defendants' motive, intent, and opportunity to conspire to cover up" Defendant Alvarado's alleged use of excessive force.[35]

Defendants filed the instant Motion in Limine seeking to preclude Plaintiff from offering any evidence or argument related to the fact that the JPSO had no BWC policy in place at the time of the subject incident.[36] Defendants argue the topic is irrelevant under Rule 401 because the JPSO did not implement a policy requiring BWCs until after the date of the subject incident and "Louisiana law did not at the time, and does not now require [the JPSO] to use BWCs."[37] As a result, Defendants contend the JPSO's failure to implement a BWC policy cannot support Plaintiff's *Monell* claim because she is unable to demonstrate a causal connection between the lack of video recording and her alleged

---

[32] R. Doc. 1 at p. 19.
[33] *See* R. Doc. 53 at p. 8 (citing *Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009)).
[34] R. Doc. 1 at pp. 2, 19.
[35] R. Doc. 81 at pp. 1, 2, 5.
[36] *See generally* R. Doc. 70-1.
[37] *Id.* at p. 3 (citing La. R.S. 40:2551).

injuries.[38] In the alternative, Defendants argue even if the topic is relevant, it should be precluded under Rule 403 as unduly prejudicial.[39]

For support, Defendants cite a recent opinion of the Western District of Texas, *Barnes v. City of El Paso*, in which that court granted a motion to dismiss a plaintiff's "*Monell* claim predicated on the failure to equip officers with [BWCs]."[40] In reaching that conclusion, the *Barnes* court stated: "While the Court is unaware of any Fifth Circuit decision considering a *Monell* claim predicated on the failure to equip officers with body cameras, courts from other circuits have rejected such claims."[41] Defendants contend that, under the reasoning of *Barnes*, any issue Plaintiff may raise related to the JPSO's failure to implement a BWC policy is irrelevant to her *Monell* claim as a matter of law because she "provides no factual allegations linking the [JPSO's] policies on [BWCs] to her injuries."[42] Defendants argue that like the plaintiff in *Barnes* and plaintiffs in cases from other circuits, Plaintiff Arnold "present[s] no evidence to support any causal connection between the lack of video recording and the alleged injury."[43]

A motion in limine is a procedural mechanism "made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered."[44] A motion in limine is not appropriate "to resolve substantive issues, to test issues of law, [] to address or narrow the issues to be tried,"[45] or to "seek[] a dispositive ruling on a claim, particularly after the deadline for filing such motions has passed."[46] Using the procedural

---

[38] R. Doc. 88 at p. 2.

[39] *Id.* at p. 3.

[40] *Id.* at pp. 2-3 (citing *Barnes*, 677 F. Supp. 3d at 615-16).

[41] *Barnes*, 677 F. Supp. 3d at 615 (collecting cases).

[42] R. Doc. 88 at p. 3 (quoting *Barnes*, 677 F. Supp. 3d at 615).

[43] *Id.* at p. 2 (citing *Barnes*, 677 F. Supp. 3d at 615; *Sidbury v. City of New York*, 15-4761, 2020 WL 2615926, at *5 (E.D.N.Y. 2020)).

[44] *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984).

[45] *Fortuny v. GEICO Gen. Ins. Co.*, 18-22683, 2019 WL 13072751, at *6 n.4 (S.D. Fla. Apr. 26, 2019).

[46] *Hana Financial, Inc. v. Hana Bank*, 735 F.3d 1158, 1161 n.4 (9th Cir. 2013) (citing *Dubner v. City of S.F.*, 266 F.3d 959, 968 (9th Cir. 2001)). *See also Rice v. Kelly*, 483 So. 2d 559, 560 (Fla. Dist. Ct. App. Feb. 26,

device to advance one of the foregoing goals merely substitutes a motion in limine for the dispositive motions authorized by statute.[47] The *Amtower* court explained the reasons behind this rule:

> The disadvantages of such shortcuts are obvious. They circumvent procedural protections provided by the statutory motions or by trial on the merits; they risk blindsiding the nonmoving party; and, in some cases, they could infringe a litigant's right to a jury trial. Adherence to the statutory processes would avoid all these risks. Furthermore, these irregular procedures can result in unnecessary reversals.[48]

As a result, "district courts throughout the country have repeatedly condemned the use of a motion in limine as a substitute for a motion for summary judgment."[49]

In this case, Defendants seek a dispositive ruling on an element of Plaintiff's *Monell* claim under the guise of a motion in limine. Specifically, Defendants argue the JPSO's failure to implement a BWC policy is irrelevant to Plaintiff's *Monell* claim because other courts have rejected claims of similarly situated plaintiffs when those Plaintiffs did not properly allege the failure to equip officers with cameras caused the injuries at issue.[50] In *Barnes*, the Western District of Texas granted a motion to dismiss under Rule 12(b)(6), finding the plaintiff "failed to plausibly plead that the City's failure to implement [BWCs] caused her injuries" and, accordingly, dismissed her *Monell* claim related to the defendants' failure to implement a BWC policy.[51] In seeking to exclude this topic from trial, Defendants broadly assert that Plaintiff Arnold's *Monell* claim related to their failure to implement a BWC policy lacks merit. That argument does not touch on the

---

1986) ("[W]e caution trial courts not to allow 'motions in limine' to be used as unwritten and unnoticed motions for partial summary judgment or motions to dismiss.").

[47] *See Amtower v. Photon Dynamics, Inc.*, 158 Cal. App. 4th 1582, 1594 (Cal. App. Feb. 15, 2008).

[48] *Amtower*, 158 Cal. App. 4th at 1594 (citation omitted).

[49] *McCoy v. Housing Authority of New Orleans*, 15-398, 2016 WL 9413966, at *2 (E.D. La. Oct. 10, 2016) (collecting cases); *see also Amtower*, 158 Cal. App. 4th at 1593 ("What in limine motions are *not* designed to do is to replace the dispositive motions prescribed by the Code of Civil Procedure.").

[50] R. Doc. 88 at pp. 2-3.

[51] *Barnes*, 677 F. Supp. 3d at 615-16.

admissibility of evidence at trial based on the risk of unfair prejudice, but rather seeks to use a motion in limine improperly to determine the viability of Plaintiff's *Monell* claim, which the Court would normally consider on a motion for summary judgment or motion to dismiss.

The Court's Amended Scheduling Order clearly provides that non-evidentiary pretrial motions shall be filed and served "no later than December 19, 2023."[52] Defendants filed their Motion in Limine, in reality seeking relief only available on a motion to dismiss or motion for summary judgment, on May 30, 2024. Therefore, the Court finds Defendants' pleading is untimely at this late stage in the litigation and will deny Defendants' Motion in Limine.

Accordingly;

**CONCLUSION**

**IT IS ORDERED** that Defendants' Motion in Limine is **DENIED**.[53]

**New Orleans, Louisiana, this 21st day of June, 2024.**

*Susie Morgan*
_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[52] R. Doc. 36 at p. 3.
[53] R. Doc. 70.