# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SHANTEL ARNOLD,**<br>     **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO.  22-3332** |
| **JULIO ALVARADO, ET AL.,**<br>     **Defendants** | **SECTION: "E" (3)** |

## ORDER AND REASONS

Before the Court is Plaintiff's Motion in Limine to "exclude any and all evidence of prior injuries not related to those that are subject of this lawsuit," such as history of Plaintiff's sexual health, dental pain, ocular health, and facial pain.[1] Plaintiff also seeks to exclude history of her substance abuse at trial.[2] Defendants Jefferson Parish Sheriff Joseph P. Lopinto, III and Jefferson Parish Sheriff's Deputy Julio Alvarado (the "Defendants") oppose Plaintiff's Motion in Limine.[3]

## BACKGROUND

On September 16, 2022, Plaintiff Shantel Arnold filed a Complaint asserting several causes of action under 28 U.S.C. § 1983 and Louisiana state law against Defendants Alvarado and Lopinto[4] related to Plaintiff's claim that Defendant Alvarado violated her civil rights when he "brutally beat" her without provocation or justification.[5] Plaintiff was never charged with any crimes or cited for any offenses after the incident.[6]

---

[1] R. Doc. 65; R. Doc. 65-1, p. 3.
[2] R. Doc. 65.
[3] R. Doc. 30.
[4] Plaintiff's complaint also named the Jefferson Parish Sheriff's Office ("JPSO") as a Defendant, but on April 5, 2024, the Court granted Plaintiff's motion to dismiss JPSO from this action without prejudice. *See* R. Doc. 1 (naming JPSO as a defendant); R. Doc. 51 (dismissing JPSO).
[5] *See generally* R. Doc. 1.
[6] *Id.* at p. 4.

Plaintiff alleges she sustained a traumatic brain injury ("TBI"), cervical and lumbar injuries, and psychological injuries from the September 2021 incident.[7]

Plaintiff argues in her motion that her "sexual health and unrelated prior injuries are not relevant to the Deputy's use of excessive force nor any defense claimed," and that her medical history is not relevant to her damages claims.[8] Plaintiff identifies three specific topics in her medical records she claims are irrelevant: sexual health issues, facial injuries which caused her to lose her left eye and require an orbital implant, and reports of dental pain.[9] Plaintiff also argues her substance abuse history is irrelevant because she has been transparent about her history of using substances, and that there is no evidence she was under the influence of drugs on the day of the September 2021 incident. Plaintiff also argues that the probative value of her history of substance use, unrelated injuries, and health records is outweighed by the potential for the evidence to prejudice her and to confuse and mislead the jury from the relevant issues in this matter.[10]

Plaintiff references Defendants' medical expert, Dr. Najeeb Thomas,[11] who reviewed Plaintiff's medical records and reported that Plaintiff's brain injuries were "consistent with previous injuries.[12] Dr. Thomas did not specify in his report to which injuries he was referring. During his deposition, Dr. Thomas stated that he reviewed Plaintiff's medical records and confirmed, when asked, that he reviewed her "extensive medical records related to a car accident in which she lost an eye."[13] Dr. Thomas opined there may be various causes of Plaintiff's brain injury, other than her encounter with

---

[7] R. Doc. 65-1, p. 2.
[8] *Id.* at pp. 3-4.
[9] *Id.*
[10] *Id.* at pp. 5-8.
[11] *See* R. Doc. 79. The Court denied Plaintiff's motion in limine to exclude Dr. Najeeb Thomas.
[12] *Id.* at p. 3; R. Doc. 57-3.
[13] Thomas dep. at 29:11-25; R. Doc. 57-4, p. 8.

Deputy Alvarado, such as "undiagnosed hypertension," atherosclerotic disease,"
"ischemic changes," and other unidentified "previous injuries," including any Plaintiff
sustained during her encounter with the neighborhood children prior to Deputy
Alvarado's arrival.[14] As a result, though Dr. Thomas reviewed Plaintiff's various medical
records and listed them in his report, he does not specify in his report or in his testimony
at his deposition how Plaintiff's sexual, dental, facial, and ocular health history is relevant
to Plaintiff's brain injury.

Defendants first argue the Court cannot decide Plaintiff's motion because Plaintiff
did not identify the specific medical records she wishes to exclude.[15] Defendants next
argue "the entirety of Plaintiff's medical history is relevant and admissible" because at
least one of Plaintiff's experts, particularly her psychological expert Dr. Samuelson, relies
on this medical history when opining about Plaintiff's worsened psychological condition
due to the September incident.[16] Defendants claim that, because Plaintiff seeks damages
for a TBI caused by Deputy Alvarado's alleged excessive force, the jury should be able to
consider all of her medical records.[17] Additionally, Defendants loosely assert that her
medical history is relevant and not prejudicial under Rules 401 and 403.[18]

## LEGAL STANDARD

### I.    Motions in Limine

"It is well settled that motions in limine are disfavored."[19] "[T]he purpose of a
motion in limine is to prohibit opposing counsel 'from mentioning the existence of,

---

[14] *Id.* at 69:1-80:25.
[15] R. Doc. 83, p. 1-2.
[16] *Id.* at p. 2, 6-8.
[17] *Id.* at p. 3.
[18] *Id.*
[19] *Auenson v. Lewis*, 94-2734, 1996 WL 457258, at *1 (E.D. La. Aug. 12, 1996) (citing *Hawthorne Partners v. AT & T Techs., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993)).

alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' mind.'"[20] "Evidence is relevant" if "it has *any* tendency to make a fact . . . of consequence in determining the action" "more or less probable than it would be without the evidence."[21] "Evidence which is not relevant is not admissible."[22] The Court may exclude even relevant evidence "if its probative value is substantially outweighed by a danger of . . . unfair prejudice."[23] "'Unfair prejudice' . . . means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one."[24]

"An order in limine excludes only clearly inadmissible evidence; therefore evidence should not be excluded before trial unless it is clearly inadmissible on *all* potential grounds."[25] Instead, courts should reserve evidentiary rulings until trial so that questions as to the evidence "may be resolved in the proper context."[26] "When ruling on motions in limine, the Court 'maintains great discretion [as to] evidentiary determinations.'"[27] If the evidence is not clearly inadmissible on all grounds, it is better for the court to decline to rule in advance of trial so that it will have the opportunity to resolve issues in context. A district court is given wide discretion to determine the relevance, prejudicial value, and admissibility of evidence under Rules 401, 402, and 403.[28]

---

[20] *MGMTL, LLC v. Strategic Tech.*, 20-2138, 2022 WL 594894, at *2 (E.D. La. Feb. 28, 2022).
[21] FED. R. EVID. 401 (emphasis added).
[22] FED. R. EVID. 402.
[23] FED. R. EVID. 403.
[24] *Old Chief v. United States*, 519 U.S. 172, 180 (1997).
[25] *Rivera v. Robinson*, 464 F. Supp. 3d 847, 853 (E.D. La. 2020) (quoting *Auenson*, 1996 WL 457258, at *1)).
[26] *Auenson*, 1996 WL 457258, at *1.
[27] *Jackson v. State Farm Fire & Cas. Co.*, 656 F. Supp. 3d 676 (W.D. La. 2023) (quoting *Parker v. John W. Stone Oil Distributors, L.L.C.*, 18-3666, 2019 WL 5212285, at *2 (E.D. La. Oct. 16, 2019)).
[28] *Huffman v. Turner Indus. Grp., L.L.C.*, No. CIV.A. 12-1061, 2013 WL 2351808, at *4 (E.D. La. May 23, 2013).

## LAW AND ANALYSIS

**I.      Evidence of Plaintiff's prior sexual health, dental health, and facial and eye health is not admissible at trial because it is irrelevant.**

Plaintiff states in her motion that she claims damages only for injuries related to her "brain, cervical and lumbar spine, and psyche."[29] Defendants argue Plaintiff's entire medical history is relevant but do not specify their intended uses for the evidence at trial.[30]

Dr. Najeeb Thomas, Defendants' medical expert on causation and the nature and extent of Plaintiff's injuries, reviewed Plaintiff's medical records.[31]   While other courts have found that evidence of prior injuries and medical records *may* be relevant to issues of causation and damages,[32] neither Plaintiff nor Defendants have put Plaintiff's sexual health, dental health, or ocular and facial health at issue for purposes of proving or negating causation and damages.

Plaintiff admits she sustained ocular and facial injuries from a car accident in 2010 when she lost an eye and underwent surgery.[33] However, when asked about the causes of Plaintiff's injuries, Dr. Thomas identified numerous possible causes of the injuries, but did not mention her ocular health.[34] The medical records for unrelated eye injuries from over ten years prior to the September 2021 incident are not relevant to the injuries

---

[29] R. Doc. 65-1, p. 5.
[30] *See generally* R. Doc. 83; *McKinley v. Moffitt*, No. 3:19-CV-803-KHJ-LGI, 2022 WL 130737, at *2 (S.D. Miss. Jan. 13, 2022) ("Defendants' response [is] vague as to what the purported . . . similar injuries are and what medical records the Defendants seek to introduce. The Court therefore lacks sufficient information . . . .").
[31] *See* R. Doc. 57-3; R. Doc. 57-4.
[32] *See, e.g.*, *Bonds v. Padlock*, No. CIV.A. 06-7830, 2008 WL 4889794, at *3 (E.D. La. Nov. 10, 2008) (in a car accident case, holding medical history from a previous car accident was relevant to causation and damages).
[33] *See* R. Doc. 83-1, p. 12; Thomas dep. at 29:11-25; R. Doc. 57-4, p. 8.
[34] Thomas dep. at 69:1-80:25.

Plaintiff claims in this lawsuit.[35]

In fact, Dr. Thomas did not express the opinion that Plaintiff's alleged injuries and symptomology from the September 2021 incident were caused by Plaintiff's eye, facial, dental, or sexual health issues. Though Dr. Thomas did vaguely mention in his report that Plaintiff's TBI may have been caused by "previous injuries," he explained in his deposition that he was referencing other fights Plaintiff has been involved in and the incident with the children immediately prior to her interaction with Deputy Alvarado.[36] Because Plaintiff's sexual, ocular and facial, and dental health history does not have "any tendency to make a fact [at issue] more or less probable than it would be without the evidence," the evidence is irrelevant and must be excluded at trial.[37]

The Court additionally excludes the evidence of Plaintiff's sexual health history due to its sensitive, personal nature. Introducing it at trial has the potential to unfairly prejudice the Plaintiff, confuse the issues, and distract the jury.[38]

Defendants may introduce evidence of Plaintiff's health history that Dr. Thomas relates to her alleged brain, spinal, and psychological injuries, including evidence of Plaintiff's altercation with the neighborhood children, for purposes of determining whether these "caused or aggravated the injuries [she] is alleging in this suit."[39]

---

[35] *See Horridge v. Keystone Lines*, No. 1:06CV1226-HSO-JMR, 2008 WL 4514313, at *1 (S.D. Miss. Oct. 1, 2008) ("[E]vidence regarding causation of any previous injuries *similar* to those allegedly sustained by Plaintiffs in the accident in this case is relevant and will not be excluded . . . .") (empashis added).
[36] R. Doc. 57-3, p. 6; Thomas dep. at 69:1-80:25.
[37] FED. R. EVID. 401.
[38] *See* FED. R. EVID. 403; *See FDIC v. Wheat*, 970 F.2d 124, 131 (5th Cir. 1992). A court should weigh "the evidence's contribution to the case against any potential prejudice or confusion."
[39] *Ramsey v. Pepsi Cola Bottling Co.*, No. CV 05-284-M2, 2007 WL 9710783, at *2 (M.D. La. Apr. 16, 2007); *See* R. Doc. 107.

## II.   Evidence of Plaintiff's substance abuse history is admissible as Plaintiff has put her psychological injuries at issue through Dr. Samuelson's testimony.

Conversely, the Court finds that evidence of Plaintiff's substance abuse history is directly relevant to issues of damages and causation in this matter.[40] Plaintiff particularly puts her substance abuse history at issue through her psychological expert, Dr. Samuelson.[41] Plaintiff claims psychological injuries and damages based on her worsened psychological condition since the September 2021 incident, which she claims has caused her to increase her use of substances.[42] Courts have found that to the extent that a "[p]laintiff seeks to recover based on [her] current psychological wellbeing, evidence of psychological wellbeing prior to the accident is relevant."[43] Because Plaintiff seeks to recover damages for her worsened psychological condition through the testimony of Dr. Samuelson, evidence of her prior psychological state, exemplified by her medical history of substance use, is probative of causation and damages.[44]

### CONCLUSION

For the foregoing reasons;

**IT IS ORDERED** that Plaintiff's Motion in Limine is **GRANTED IN PART AND DENIED IN PART**.[45]

**IT IS FURTHER ORDERED** that evidence of Plaintiff's prior medical history with respect to her sexual, dental, ocular, and facial health is not admissible.

---

[40] *Auenson v. Lewis*, No. CIV. A. 94-2734, 1996 WL 457258, at *2 (E.D. La. Aug. 12, 1996) (in a personal injury case, holding evidence of past substance abuse and emotional and psychological history is relevant to the proximate cause of the plaintiff's present emotional suffering).

[41] *See id.*; *See generally* R. Doc. 83-1.

[42] R. Doc. 83-1, p. 17. Per her analysis of Plaintiff's worsened psychological functioning, Dr. Samuelson states that "[f]ollowing the September 2021 incident, Ms. Arnold's already problematic substance use appeared to worsen considerably." *Id.*

[43] *Desmond Bowman v. Crosby Tugs, LLC*, No. 14-2524, 2016 WL 11687911, at *3 (E.D. La. Sept. 9, 2016).

[44] FED R. EVID. 401; FED. R. EVID. 403; *See Auenson*, 1996 WL 457258, at *2.

[45] R. Doc. 27.

**IT IS FURTHER ORDERED** that evidence of Plaintiff's prior medical history with respect to her substance abuse is admissible.

New Orleans, Louisiana, this 26th day of June, 2024.

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**