## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**SHANTEL ARNOLD,**
    **Plaintiff**

**CIVIL ACTION: 22-3332**
**SECTION: "E"**

**VERSUS**

**DISTRICT COURT JUDGE**
**SUSIE MORGAN**

**JULIO ALVARADO, ET AL.,**
    **Defendants**

**MAGISTRATE JUDGE**
**EVA DOSSIER**

## JOINT PRETRIAL OUTLINE

**1.**    **Date of pretrial conference:**

Monday, January 6, 2025 at 12:00 p.m.

**2.**    **Counsel:**

**Plaintiff**

Counsel for Shantel Arnold:

Gary M. Carter, Jr. (Bar No. 27987)

Sierra Ambrose (Bar. No. 40253) **THE**

**CARTER FIRM**

2401 Westbend Parkway

Suite 3070

New Orleans, LA 70114

Telephone: 504-459-2309

Facsimile: 504-459-2312

gcarter@carterandfirm.com

sambrose@carterandfirm.com

2

**Defendants**

Counsel for Sheriff Joseph P. Lopinto, III. and JPSO Deputy Julio Alvarado:

> **Daniel R. Martiny**
> **James B. Mullaly**
> **Jeffrey D. Martiny**
> **Franz L. Zibilich (T.A.)**
> Martiny & Associates
> 131 Airline Drive, Suite 201
> Metairie, LA 70001
> (504) 834-7676

3.    **Parties:**

Plaintiff

Plaintiff Shantel Arnold is a person of the full age of majority and domiciled

in the Parish of Orleans, State of Louisiana.

Defendants

At all times pertinent hereto, Joseph P. Lopinto, III was the duly elected

Sheriff for the Parish of Jefferson, and Deputy Julio Alvarado was a Jefferson Parish

Sheriff's Office deputy. Deputy Alvarado was at all times pertinent to this litigation

acting in the course and scope of his employment and under the color of law as a

deputy sheriff of the Jefferson Parish Sheriff's Office.

4.    **Jurisdiction:**

This Court has subject matter jurisdiction over Plaintiff's Section 1983 claims

pursuant to 28 U.S.C. §§ 1331 and 1343, as Plaintiff's claims arise under federal

3

law, namely the United States Constitution and 42 U.S.C. §§§ 1983, 1985, and 1988. The Court has supplemental jurisdiction over 28 U.S.C. § 1367 over the supplemental state law claims.

Plaintiff asserts the following federal and state law claims:

a. First Cause of Action:  42 U.S. § 1983- Excessive Force

b. Second Cause of Action: Louisiana Constitution, Article 1, § 20- Excessive Force

c. Third Cause of Action: La. Civ. Code.  Arts.  2315 and 2317- Negligence

d. Fourth Cause of Action: La. Civ. Code Art. 2320- Vicarious Liability

e.  Fifth Cause of Action: La. Civil Code- Assault and Battery

f. Sixth Cause of Action: Monell

g. Seventh Cause of Action: Conspiracy

5.   **Motions Pending and Contemplated:**

**<u>Plaintiff</u>**

Plaintiff contemplates filing motion(s) in limine to exclude certain evidence.

**<u>Defendants</u>**

Defendants contemplate filing motion(s) *in limine* to exclude certain evidence from the trial of this matter in accordance with the Court's Amended Scheduling Order (R. Doc. 112).

6.    **Brief summary of the material facts:**

**Plaintiff:**

Shantel Arnold is an African-American female who once resided on Richard Avenue in Jefferson Parish, Louisiana. On September 20, 2021, Deputy Julio Alvarado responded to a 911 call reporting a fight on Richard Avenue in front of an apartment complex. Shantel Arnold was the victim in the fight. A group of kids from the apartment complex had physically attacked her, and she was walking home from the altercation at around 4:00 pm. Following the altercation with the kids, Deputy Julio Alvarado arrived at the scene and demanded that Shantel Arnold speak to him. Shantel Arnold informed Deputy Alvarado that she was the victim and just wanted to go home. At which point, Deputy Alvarado snatched Shantel Arnold by the arm and twisted it behind her back. Deputy Alvarado then grabbed Shantel Arnold by the hair, lifted her off the ground, and violently slammed her against the ground on multiple occasions. Deputy Alvarado then placed Shantel Arnold onto her stomach and put his knee and body weight on her back. Deputy Alvarado inflicted serious injuries on Shantel Arnold.

Shantel Arnold's family members, Lionel Gray and Tony Givens witnessed Deputy Alvarado's brutal use of force against Shantel Arnold. Mr. Gray and Mr. Givens pleaded with Deputy Alvarado to stop abusing Shantel

Arnold.  In response, Deputy Alvarado used profanities against Mr. Gray and Mr. Givens and threatened to beat them up and take them to jail.  After Deputy Alvarado brutally beat Shantel Arnold, Deputy Alvarado asked Mr. Givens to assist him with handcuffing Shantel Arnold.  Deputy Alvarado did not charge or cite Shantel Arnold for any crimes on September 20, 2021.

Shantel Arnold is 4-foot-8 inches tall, missing her left eye, and, at the time of this altercation, weighed less than 100 pounds.  She does not wear a prosthetic eye, and it is obvious that she is blind in her left eye.  On September 20, 2021, Shantel Arnold was unarmed and posed no threat of death or great bodily harm to Deputy Alvarado.  Despite this, Deputy Alvarado used brutal, excessive force against Shantel Arnold. Deputy Alvarado's brutal use of force against Shantel Arnold was captured in a video and replayed on a number of media outlets. As a result of Deputy Alvarado's brutal use of force, Shantel Arnold was transported to East Jefferson General Hospital (EJGH) by ambulance despite her request to be transported to any other hospital.

While at EJGH, Shantel Arnold refused treatment. Nonetheless, EJGH diagnosed Shantel Arnold with a closed head injury. According to the medical records, Shantel Arnold was advised to seek emergency medical care if she were to experience "headache, nausea or vomiting, dizziness,

sensitivity to light or noise, unusual sleepiness or grogginess, trouble falling asleep, personality changes, vision changes, memory loss, confusion, trouble walking or clumsiness, loss of consciousness (even for a short time) inability to be awakened, stiff neck, weakness or numbness in any part of the body, [or] seizures" over the next hours to days.

On or about September 25, 2021, Shantel Arnold presented to Ochsner's Emergency Department "with headache, facial pain, arthalgias, [and] left lip lac[eration]. Shantel Arnold then visited Dr. Justin Branch with symptoms of frequent global headaches, neck pain, back pain, and post-concussion symptoms on November 02, 2021. Dr. Justin Branch examined Shantel Arnold and diagnosed her with cervical and lumbar injuries, anxiety, and acute post-traumatic headache. Dr. Justin Branch ordered an x-ray of Shantel Arnold's full spine. Shantel Arnold underwent chiropractic treatment for her injuries with Dr. Justin Branch and Dr. Kate McDonald. Dr. Justin Branch referred Shantel Arnold to Dr. Jonathan K. Jones for evaluation and treatment of her concussion with loss of consciousness.

Dr. Jones ordered extensive, objective medical testing, including MRIs, MRI: DTI, CT scans, EEGs, ERP, and BAER studies of Shantel Arnold's brain. Dr. Jeffery D. Lewine, a brain imagining expert, evaluated and assessed Shantel Arnold's MRI: DTI images and confirmed that she sustained a TBI and a

diffuse axonal injury, which was also indicated in another one of Shantel Arnold's MRIs. Upon review of the findings in the medical testing and examination of Shantel Arnold, Dr. Jonathan Jones diagnosed her with a traumatic brain injury and post-concussive syndrome, post-traumatic syndrome, post-traumatic migraine headaches, seizures, as well as other associated sequelae of traumatic brain injury. In his medical records, Dr. Jonathan Jones diagnosed Shantel Arnold's injuries, specified the treatment he provided, and casually related Deputy Alvarado's brutal use of force to Shantel Arnold's injuries.

Dr. Jeffery Lewine also casually related Shantel Arnold's injuries to Deputy Alvarado's brutal use of force. Specifically, he attributed evidence of a compromised neurobiological status and trauma-related structural and function of Shantel Arnold's brain to the physical altercation involving Deputy Alvarado.

Dr. Kristin Samuelson, a clinical psychologist, reviewed Shantel Arnold's medical records and the diagnosis related to her TBI and opined as to the psychological effects of Shantel Arnold's neurobiological status and TBI diagnosis. Shantel Arnold remains under treatment for psychological and TBI-related injuries.

Following Deputy Alvarado's brutal use of force against Shantel

Arnold on September 20, 2021, Deputy Alvarado failed to write a report of the incident.  The next morning, on September 21, 2021, Deputy Alvarado's commanding officer, Captain Guttuso, received the video of Deputy Alvarado's violent confrontation with Shantel Arnold and called Deputy Alvarado into his District Office. When Deputy Alvarado arrived at the District Office, Captain Guttuso showed Deputy Alvarado the video of the incident.  Deputy Alvarado acknowledged to Captain Guttuso that he was the officer in the video and admitted to Captain Guttuso that he did not prepare a written report of his encounter with Shantel Arnold.

Deputy Alvarado also admitted that before he met with Captain Guttuso on the morning of September 21, 2021, he had changed his official response to the 911 Call from a Necessary Action Taken ("NAT") signal to a Medical Roll signal.  According to Captain Guttuso, on the morning after the incident with Shantel Arnold. Deputy Alvarado "said at the time he was going through a lot of stuff with his personal life and he was going to be — he had stuff that —you know, he was getting close to getting off of work and he had other stuff going on, and, after he thought about it, he felt that he should write a report on it."  Deputy Alvarado asked Captain Guttuso whether he should write a report, and Captain Guttuso instructed him to "hold off" on writing a report. Captain Guttuso then consulted with Sergeant

Canas, Chief Joshua Wingrove and Major Boudreaux, all of the Jefferson Parish Sheriff's Office, and all agreed and "instructed" Deputy Alvarado to not write a report. Sheriff Lopinto testified that he agreed with the instructions to Deputy Alvarado not to write a report, even though his policies expressly require written reports for physical interactions with members of the public.

According to the Jefferson Parish Sheriff's Department's Standard Operating Procedures, the Section on Use of Force provides:

> In **all instances where physical force is used to control an individual** and the individual is injured or complains of injury, **the office/s involved shall complete an offense report** covering the circumstances surrounding the incident.

Deputy Alvarado disregarded the written policies, followed his commanding officers' instructions, and did not write a report of his violent, physical encounter with Shantel Arnold. After showing Deputy Alvarado the evidence, Deputy Alvarado's commanding officers instructed him to prepare an inter-office memorandum. After allowing Deputy Alvarado to view evidence and days after his brutal use of force on Shantel Arnold, the JPSO Internal Affairs Department allowed Deputy Alvarado to give a statement regarding the incident during its investigation. After its investigation, Internal Affairs recommended Deputy Alvarado be found in violation of JPSO's policies for his failure to write a report on the incident. Sheriff

10

Lopinto accepted the recommendation and found Deputy Alvarado in violation of JPSO's written policies, requiring a written report of all instances of force used against a member of the public. As a consequence, Deputy Alvarado received a 40-hour suspension and is now back at work.

At the time of the September 20, 2021 incident, Deputy Alvarado had a documented history of personnel violations, including behavior exhibiting violence against women and minorities. Numerous federal complaints have been filed against Deputy Alvarado, and he has been the subject of multiple disciplinary actions by the Jefferson Parish Sheriff's Office. Despite Deputy Alvarado's history of disciplinary infractions and complaints of excessive use of force, on September 20, 2021, JPSO and Sheriff Lopinto dispatched Deputy Alvarado to patrol certain neighborhoods, like Shantel Arnold's that are majority African-American and minority. Following his brutal use of force against Shantel Arnold, Sheriff Lopinto and the JPSO continue to employ Deputy Alvarado to date and dispatch him to patrol certain neighborhoods, like Shantel Arnold's, that are overwhelmingly African-American and minority, increasing the likelihood of another instance of excessive and unlawful force against Shantel Arnold, African-Americans, and other minorities.

Deputy Alvarado is not alone; the Jefferson Parish Sheriff's Office has

11

a long history of unreasonable, excessive, and unlawful use of force against African-Americans and minorities. On September 16, 2022, Shantel Arnold initiated a Complaint for Damages and Injunctive Relief to remedy Defendants' violations of her rights guaranteed under the United States Constitution, the Louisiana Constitution, and the laws thereof.

**Defendants:**

On September 20, 2021, Plaintiff, Shantel Arnold, was involved in a physical altercation with a number of individuals in her neighborhood. Due to the gravity of this fistic encounter, the Jefferson Parish Sheriff's Office was called and asked to respond to a scene at Richard Avenue, in Jefferson Parish. Video taken of this physical altercation between the Plaintiff and a group of neighborhood residents first shows Plaintiff waving a large branch towards the other citizens, and later Plaintiff being struck by fists at least five times to her head, and falling to the ground from the force of one of these punches.

Deputy Julio Alvarado was dispatched to a neighborhood in response to a call for service about a fight in the neighborhood. Upon arriving on scene, Deputy Alvarado spoke with a number of citizens who told him that a fight had just occurred, and that Shantel Arnold was the aggressor in that fight. Those same citizens directed Alvarado to Arnold, who was walking away from the scene. Upon approaching

12

Plaintiff Arnold, Alvarado could tell that the Plaintiff was either under the influence of drugs or alcohol, or she was experiencing some type of mental health crisis. Plaintiff was combative in speaking with Alvarado and balled up her fists, and assumed a fighting stance. These observations led Alvarado to immediately call for EMS to the scene, and also to call for a backup unit. Shortly into the conversation with Alvarado, Plaintiff began to walk away from Deputy Alvarado, at which point Alvarado told her that she could not leave, as he was conducting an investigation relative to the call for service. Alvarado grabbed Plaintiff by her right arm to place her into handcuffs, but due to the dirt/sweat on Plaintiff's arms, Alvarado would lose his grip.

After multiple attempts to secure Plaintiff's hands, which were met with continued resistance, Plaintiff, on her own accord, went to the ground on her back, assuming a kicking position to continue her resistance. Plaintiff then attempted to rise to her feet once again, with Alvarado again trying to gain control of her arms. Again, given the weather conditions and the dirt/sweat on the arms of Plaintiff, Alvarado lost his grip once again of Plaintiff's arm. While trying to gain control of Plaintiff Arnold another time, Alvarado inadvertently grabbed hold of Plaintiff's hair. Despite this development, Plaintiff's resistance continued. Ultimately, after several seconds of control of Plaintiff's hair, Alvarado was able to turn Plaintiff on

13

her stomach, and with the assistance of Plaintiff's uncle, was able to place Plaintiff in handcuffs.

When EMS arrived on scene, Plaintiff told paramedics that she was assaulted by "two kids", with the EMS records only noting a small laceration on Plaintiff's lower left lip, and that Plaintiff was in "no obvious acute distress." Plaintiff was then transported via ambulance to East Jefferson General Hospital Emergency Room for treatment. The records from that visit indicate that Plaintiff told hospital staff that she was assaulted by teenagers near her home. Plaintiff reported no neck or back pain, but did note a small laceration to Plaintiff's lip. Plaintiff refused any further treatment, declining x-rays and a CT scan.

Regarding Plaintiff's claims under *Monell*, Plaintiff does not plead and cannot show a pattern or practice of similar alleged unconstitutional conduct. Plaintiff does not allege or show that Sheriff Lopinto was deliberately indifferent to a known and obvious need to train.

Regarding Plaintiff's claim for conspiracy, Plaintiff has no facts or evidence that will show a conspiracy between Defendant Alvarado and another person. In fact, to date, Plaintiff has not identified who conspired with who and for what purpose.

**7.    Uncontested Material Facts:**

1.    At all times material hereto Joseph P. Lopinto, III., was the duly elected sheriff and chief law enforcement officer of Jefferson Parish Louisiana.

2.    At all times material hereto, Deputy Julio Alvarado was acting in the course and scope of his employment as a Jefferson Parish Sheriff's Office Deputy and under the color of law.

3.    Shantel Arnold was not arrested for or charged with any crime arising out of the incident.

**8.    Contested Issues of Fact:**

1.    Whether Deputy Alvarado committed acts of violence against Plaintiff.

2.    Whether Deputy Alvarado used excessive force against Shantel Arnold.

3.    Whether Deputy Alvarado failed to write a report on the September 20, 2021 incident with Shantel Arnold.

4.    Whether Deputy Alvarado's commanding officers instructed Deputy Alvarado not to write a report on his use of excessive force against Shantel Arnold.

5.    Whether Deputy Alvarado inflected Shantel Arnold with serious bodily injuries.

6.    Whether Deputy Alvarado snatched Shantel Arnold by the arm and twisted it behind her back.

7.  Deputy Alvarado grabbed Shantel Arnold by her hair, lifted her off the ground, and violently slammed her against the ground on multiple occasions.

8.  Whether Deputy Alvarado threatened Shantel Arnold's family members on September 20, 2021.

9.  Whether Deputy Alvarado failed to inform his commanding officers of his interactions with Shantel Arnold.

10. Whether Deputy Alvarado caused Shantel Arnold's injuries.

11. Whether Deputy Alvarado has a history of violating the Jefferson Parish Sheriff's Office's policies and procedures.

12. Whether the Jefferson Parish Sheriff's Office's Standard Operating Procedures, the Section on Use of Force, which provides that "In all instances, whether physical force is used to control an individual and the individual is injured or complains of injury, the office/s involved shall complete an offense report covering the circumstances surrounding the incident," required Deputy Alvarado to write an offense report.

13. Whether Deputy Alvarado was unlawfully instructed not to prepare an offense report.

14. Whether Sheriff Lopinto violated the policies and procedures of the Jefferson Parish Sheriff's Office, including its Use of Force Policy.

15. Whether Sheriff Lopinto and his employees' failure to enforce the Jefferson Parish Sheriff's Office's written policies and procedures, has rendered the policies and procedure meaningless and ineffective.

16. Whether Sheriff Lopinto and his employees arbitrarily and capriciously decided not to enforce the Jefferson Parish Sheriff's Office's policies and procedures, specifically the Standard Operating Procedures and Use of Force Policy.

17. Whether Sheriff Lopinto and his employees and Deputy Alvarado's conduct was willful, malicious, oppressive, and reckless, and was of such nature that punitive damages should be imposed.

18. Whether the Jefferson Parish Sheriff's Office has a history of deliberate indifference to excessive uses of force against African-Americans and minorities.

19. Whether Sheriff Lopinto and his employees failed to supervise or otherwise act to ensure that officers of the Jefferson Parish Sheriff's Office, including Deputy Alvarado, were properly trained.

20. Whether Jefferson Parish Sheriff's Office failed to properly supervise or otherwise act to ensure that officers of the sheriff's office, including Deputy Alvarado, acted appropriately during the course of his employment.

21. Whether Defendants maintain grossly inadequate procedures for reporting, supervising, investigating, hiring, rehiring, reviewing, disciplining and controlling misconduct by deputies, especially Deputy Alvarado.

22. Whether Defendants inadequately trained, controlled, assigned, and disciplined deputies, including Deputy Alvarado, who Sheriff Joseph Lopinto and his hiring staff, knew or should have known had dangerous propensities and character traits for abusing authority and using excessive, unreasonable, and unlawful force.

23. Whether Defendants failed to exercise due care under the circumstances.

24. Whether Defendants failed to ensure that rules, regulations, guidelines, policies, or procedures reasonably necessary or sufficient to protect members of the public, including Shantel Arnold were followed and obeyed by Jefferson Parish Sheriff's Office's officers.

25. Whether Defendants failed to propagate rules, regulations, guidelines, polices or procedures reasonably necessary or sufficient to protect members of the public, including Shantel Arnold.

26. On September 20, 2021, Plaintiff was involved in a fight with several people.

27. On September 20, 2021, Deputy Alvarado was dispatched to the scene of the fight pursuant to a 911 call reporting the fight.

28. The percentage of Plaintiffs comparative fault.

18

29. Deputy Alvarado called for an ambulance and Plaintiff was transported to the hospital for medical treatment.

30. The facts of the incident sued upon.

31. All previous injuries of Plaintiff.

32. Whether Defendant Alvarado failed to render Plaintiff aid.

33. Whether a non-juridical entity, namely the JPSO, which was dismissed from this case, can be a co-conspirator under Section 1983 (*see* Paragraph 31 of Plaintiff's Complaint)?

34. The specifics of Plaintiff's "*Monell*" claim.

35. The extent of training supplied by the Jefferson Parish Sheriff's Office.

36. Whether force was used upon Plaintiff that was excessive to the need.

37. Whether Sheriff Lopinto had a policy, practice or custom of violating the rights of the citizenry to be free from false arrest and excessive force.

38. The proximate cause of Plaintiff's alleged injuries.

39. Whether, on the facts alleged and the uncontested material facts, Plaintiff has a cause of action for assault and battery under Louisiana law.

**9.    Contested Issues of Law**

1. Whether Deputy Alvarado's actions toward Shantel Arnold constitute excessive force in violation of the Fourth and Fourteenth Amendments of the United States Constitution and 42 U.S.C. § 1983.

2. Whether Deputy Alvarado's actions toward Shantel Arnold constitute excessive force in violation of the Louisiana Constitution, Article 1, Section 20.

3. Whether as a direct and proximate cause of Deputy Alvarado's actions, Shantel Arnold sustained severe injuries and is entitled to compensatory and general damages under Louisiana Articles 2315, 2316, 2317, 2320, 2323, and 2324.

4. Whether Shantel Arnold is entitled to actual damages, punitive damages, and attorney's fees.

5. Whether Deputy Alvarado was negligent and was the cause-in-fact and legal cause of Shantel Arnold's injuries.

6. Whether the September 20, 2021 incident involving Deputy Alvarado and the ensuing injuries to Shantel Arnold were caused through no fault of her own but instead were proximately caused by Deputy Alvarado.

7. Whether Sheriff Lopinto, in his official capacity, had a duty and responsibility to enforce Jefferson Parish Sheriff's Office's policies and procedures.

8.  Whether Sheriff Lopinto, in his official capacity, had a duty and responsibility to properly train Jefferson Parish Sheriff's Office's officers to investigate incidents, de-escalate situations, and protect and serve the public.

9.  Whether Sheriff Lopinto, in his official capacity, had a duty and responsibility to ensure that the commanding officers of the Jefferson Parish Sheriff's Office properly supervise or otherwise ensure officers, including Deputy Alvarado, abided by the policies and procedures of the sheriff's office.

10. Whether Sheriff Lopinto, in his official capacity, had a duty and responsibility to ensure that the commanding officers of the Jefferson Parish Sheriff's Office properly supervise or otherwise ensure officers, including Deputy Alvarado, acted appropriately during the course of his employment.

11. Whether Sheriff Lopinto, in his official capacity, is vicariously liable for the negligence of Jefferson Parish Sheriff's Office's officers, including Deputy Alvarado, negligence.

12. Whether Shantel Arnold is entitled to recover past and future medical costs.

13. Are Counts 2 and 5 in Plaintiffs Complaint duplicative and/or redundant?

14. Is Plaintiffs 4th Cause of Action (vicarious liability) an actual cause of action?

15. Is Plaintiff entitled to the relief set forth in (d) of Plaintiff s prayer for relief?

16. Defendant Alvarado's entitlement to qualified immunity.

17. Plaintiffs comparative fault.

18. The reasonableness of the force used by Defendant Alvarado.

19. Whether there was a "conspiracy" between Deputy Alvarado and another Defendant to violate Plaintiff's constitutional rights.

20. Whether a non-juridical entity, namely the JPSO, which was dismissed from this case, can be a co-conspirator under Section 1983 (*see* Paragraph 31 of Plaintiff's Complaint)?

21. What exactly is alleged by Plaintiffs *Monell* claim?

22. Whether, as a matter of law, Sheriff Lopinto is responsible to ensure that the public remain free from unlawful violations of their civil rights-both under federal and state law.

23. Whether Justin Branch can offer opinion testimony.

24. Whether Dr. Kate McDonald can offer opinion testimony.

25. Whether Dr. Jonathon Jones can offer opinion testimony.

26. Whether the Jefferson Parish Sheriffs Office IAD transcribed audiotaped statement forms of Tony Givens are admissible, except for impeachment.

27. Whether the Jefferson Parish Sheriffs Office IAD transcribed audiotaped statement forms of Lionel Gray are admissible, except for impeachment.

22

28. Whether the Jefferson Parish Sheriffs Office IAD transcribed audiotaped statement forms of Manual Estrada are admissible, except for impeachment.

29. Whether the Jefferson Parish Sheriff's Office IAD transcribed audiotaped statement forms of Julio Alvarado are admissible, except for impeachment.

30. Whether, on the facts alleged and the uncontested material facts, Plaintiff has a cause of action for assault and battery.

**10.    List of Exhibits**

The **Parties** may introduce the following exhibits at trial:

1. Exhibit 1 JPSO's K-1992-21 Video (000001)

2. Exhibit 2 Google Map of Subject Area  (00002)

3.  Exhibit 3 EMS Run Report (000003 - 000017)

4. Exhibit 4 Broken Wings Medical (000018 - 000183)
   - Subject to Court Order, excluding evidence of Plaintiff's prior medical history with respect to her sexual, dental, ocular, and facial health.  R. Doc. 117.

5. Exhibit 5 Ochsner Medical Records (000184 - 001180)
   - Subject to Court Order, excluding evidence of Plaintiff's prior medical history with respect to her sexual, dental, ocular, and facial health.  R. Doc. 117.

6. Exhibit 6 River Place Behavioral (001181 - 001657)
   - Subject to Court Order, excluding evidence of Plaintiff's prior medical history with respect to her sexual, dental, ocular, and facial health.  R. Doc. 117.

23

7. Exhibit 7 EJGH Medical Records (001658 - 001707)
   • Subject to Court Order, excluding evidence of Plaintiff's prior medical history with respect to her sexual, dental, ocular, and facial health. R. Doc. 117.

8. Exhibit 8 LCMC Medical Records (001708 - 004026)
   • Subject to Court Order, excluding evidence of Plaintiff's prior medical history with respect to her sexual, dental, ocular, and facial health. R. Doc. 117.

9. Exhibit 9 Correct Health Jefferson, LLC (004027 - 004038)
   • Subject to Court Order, excluding evidence of Plaintiff's prior medical history with respect to her sexual, dental, ocular, and facial health. R. Doc. 117.

10. Exhibit 10 LA State Department of Health (004039 - 004042)
    • Subject to Court Order, excluding evidence of Plaintiff's prior medical history with respect to her sexual, dental, ocular, and facial health. R. Doc. 117.

11. Exhibit 11 JPSO Use of Force Policy (004043 - 004047)

12. Exhibit 12 JPSO SOP Arrest Policy (004048 - 004060)

13. Exhibit 13 JPSO 911 – Audio and Transcript 9.20.21 (004061-004064)

14. Exhibit 14 JPSO Training materials (004065 - 004202)

15. Exhibit 15 Video of Incident with Children (004203)
    • Subject to the Court Order, excluding the first 30 seconds of the video, R. Doc. 107.

16. Exhibit 17 LA Health Solutions Medical Records (004205 – 004709)

17. Exhibit 24 2015 Federal Complaint (4739 - 4759)

18. Exhibit 26 2017 Federal Complaint (4772-4785)

19. Exhibit 28 2018 Federal Complaint  (4786-4803)

20. Exhibit 30 Deputy Julio Alvarado's Personnel File (004833 - 005599)

- Per the Court's Order (R. Doc. 120), the Court deferred ruling on defendants objections with respect to the personnel file, allowing Plaintiff to file a supplemental brief by October 4, 2024. No brief was ever filed. Therefore, Defendants object to this Exhibit.

21. Exhibit 31 Deposition of Deputy Julio Alvarado (005600 - 005699)

- Defendants object on grounds that this may be used for impeachment only.

22. Exhibit 32 Certified Bankruptcy Records (005700 - 006038)

- Defendants object on grounds that this may be used for impeachment only.

23. Exhibit 33, JPSO's Internal Affairs File (006039 - 006286)

- Subject to Court Order, excluding pages 006057 -006058.  R. Doc. 105.

24. Exhibit 34 Photos of Shantel Arnold (006287 - 006321)

25. Exhibit 35, Sheriff Lopinto Personnel File (006322 - 006446)

26. Exhibit 39 JPSO Coroner Records (006460 - 006465)

- Subject to Court Order excluding pages 006464 – 006465. R. Doc. 105.

27. Exhibit 43 Supplemental Medical Records – LA Health Solutions (006580 - 007299)

28. Exhibit 44 Supplemental Medical Records- St. Francis (7300-7426)

29. Any additional exhibits needed for impeachment.

**11.    Deposition Testimony**

  None.

**12.    Items for Use in Opening Statements or Closing Arguments**

  The parties have no objection to their respective use of demonstrative exhibits at this time. However, to the extent that any demonstrative exhibits have not yet been completed prepared and produced to opposing counsel, the parties agree that any demonstrative exhibit will be submitted to opposing counsel at least five (5) full working days prior to trial, and, if there is then opposition to their use, the dispute will be submitted to the Court at least three (3) days prior to trial.

**13.(a)      Witnesses**

  **Plaintiff's List of Witnesses**

  Plaintiff identifies the following witnesses:

1. Shantel Arnold, Plaintiff
Fact witness
Information regarding the incident sued upon and resulting injuries.


2. Mercedes Arnold
1712 Industry St.
New Orleans, LA 70119
Fact witness

26

Information regarding the incident sued upon and Plaintiff's injuries.

3. Tony Givens
   2227 Joliet St.
   New Orleans, LA 70118
   Fact Witness
   Information regarding the incident sued upon.

4. Lionel Gray
   720 Starrett St.
   River Ridge, LA 70123
   Fact Witness
   Information regarding the incident sued upon.

5. Deputy Julio Alvarado, Defendant
   1233 Westbank Expressway
   Harvey, LA 70058
   Fact Witness
   Information regarding his involvement in the incident sued upon. He may also provide testimony relative to his history of excessive force.

6. Sergeant David Canas
   3421 N. Causeway Blvd. Ste. 600
   Metairie, LA 70002
   Fact Witness
   Information regarding his involvement in the incident sued upon. He may also provide testimony relative to Jefferson Parish Sheriff's Office's patterns and practices and deliberate indifference.

7. Captain Frank Guttuso
   6228 Airline Hwy
   Metairie, LA 70003
   Fact Witness

27

Information regarding his involvement in the incident sued upon. He may also provide testimony relative to Jefferson Parish Sheriff's Office's patterns and practices and deliberate indifference.

8. Sheriff Joseph P. Lopinto, Defendant
   1233 Westbank Expressway
   Harvey, LA 70058
   Fact Witness
   Information regarding his involvement in the incident sued upon. He may also provide testimony relative to Jefferson Parish Sheriff's Office's patterns and practices and deliberate indifference.

9. Dr. Lloyd Grafton, Liability Expert
   3896 Hwy 33
   Ruston, LA 71270
   Information regarding his expert opinion on the use of force, training, police procedures, and other policies relevant to the incident sued upon, and matters captured in his expert report.

10. Dr. Jonathan K. Jones,
    30001 Division St.
    Metairie, LA 70002
    Expert in Neurology and General Medicine, and Treating Physician
    Information regarding his expert opinions, including traumatic brain injury and associated sequelae of traumatic brain injury, as set forth in his expert report.

11. Dr. Justin Branch, Treating Physician
    30001 Division St.
    Metairie, LA 70002
    Information regarding the medical treatment, diagnosis, and medical causation related to Plaintiff's injuries.

12. Dr. Kristin Samuelson
    2021 Royal St.
    New Orleans, LA 70116

28

Expert in Clinical Psychology, Neuropsychological Functioning, Traumatic Brain Injury, and Posttraumatic Stress
Information regarding Plaintiff's psychological injuries related to traumatic brain injury as set forth in her original expert report and addendum.

13. Dr. Jeffery Lewine
10439 4th St. NW
Albuquerque, NM 87114
Expert in Neuroscience, Brain Imaging, and Traumatic Brain Injury
Information regarding his expert opinions, including Diffusion Tensor Imaging data, brain scanning and images, and traumatic brain injury and associated sequelae, as set forth in his expert report.

Plaintiff reserves the right to call the witnesses in any order, not to call witnesses listed above, to supplement this witness list, to call or recall any witness on Defendants' witness list, and to call or recall additional rebuttal or impeaching witnesses not identified above.

Plaintiff certifies that a final witness list will be filed in accordance with the Court's Amended Scheduling Order. See R.Doc. 112.

**Defendants' List of Witnesses**

Defendants may call the following witnesses at trial:

1)    Deputy Julio Alvarado
1233 Westbank Expressway
Harvey, LA 70058
Witness may provide testimony about his involvement in the incident sued upon.

2)    Sgt. David Canas
1233 Westbank Expressway
Harvey, LA 70058
Witness may provide testimony about his involvement in the Internal Affairs investigation into incident sued upon.

29

3)     Lionel Gray
       629 Richard Street
       River Ridge, LA 70123
       Witness may provide testimony about his involvement in the incident
       sued upon.

4)     Tony Givens
       629 Richard Street
       River Ridge, LA 70123
       Witness may provide testimony about his involvement in the incident
       sued upon.

5)     Deputy Manuel Estrada
       1233 Westbank Expressway
       Harvey, LA 70058
       Witness may provide testimony about his involvement in the incident
       sued upon.

6)     Sgt. Sidney Aiavolasti
       1233 Westbank Expressway
       Harvey, LA 70058
       Witness may provide testimony about his involvement in the incident
       sued upon.

7)     Sgt. Neal Hooks
       1233 Westbank Expressway
       Harvey, LA 70058
       Witness may provide testimony about his involvement in the Internal
       Affairs investigation into  incident sued upon.

8)     Shantel Arnold-Plaintiff
       629 Richard Street
       River Ridge, LA 70123
       Witness may provide testimony about her involvement in the incident
       sued upon. She may also provide testimony relative to previous
       medical incidents and other incidents, causing visits to doctors and
       hospitals.

9)     Dr. Craig Caplan-EJGH
       4200 Houma Blvd.
       Metairie, LA 70006
       Witness may provide testimony about his involvement in the medical
       treatment provided to Plaintiff at EJGH on the date of the incident.

10)    Sheriff Joseph P. Lopinto, III-Defendant
       1233 Westbank Expressway
       Harvey, LA 70058
       (504) 363-5500
       Witness may provide testimony about his knowledge of the incident
       sued upon. He may also provide testimony relative to Plaintiff's
       *Monell* allegations.

11)    Jason Ravain-Paramedic-EJGH EMS
       Witness may testify as to the medical treatment provided to Plaintiff
       on the date of the incident sued upon.

12)    Catherine Le- Physician's Assistant- Ochsner Hospital
       1514 Jefferson Highway
       New Orleans, LA 70121
       Witness may provide testimony about her involvement in the medical
       treatment provided to Plaintiff at Ochsner Hospital on September 25,
       2021.

13)    Dr. Stephen Quinet-Ochsner Hospital
       1514 Jefferson Highway
       New Orleans, LA 70121
       Witness may provide testimony about his involvement in the medical
       treatment provided to Plaintiff at Ochsner Hospital on September 25,
       2021.

14)    Dr. Kate McDonald
       LA Health Solutions
       3001 Division Street
       Metairie, LA 70002

Witness may provide testimony about her involvement in the medical treatment provided to Plaintiff for injuries Plaintiff relates to the incident sued upon.

15) Dr. Jonathan Jones
LA Health Solutions
3001 Division Street
Metairie, LA 70002
Witness may provide testimony about his involvement in the medical treatment provided to Plaintiff for injuries Plaintiff relates to the incident sued upon.

16) Bridget Richard, RN-EJGH
4200 Houma Blvd.
Metairie, LA 70006
Witness may provide testimony about her involvement in the medical treatment provided to Plaintiff at EJGH on the date of the incident.

17) Dr. Najeeb Thomas- Defense Expert Neurology
3798 Veterans Memorial Blvd.
Metairie, LA 70002
Expert Witness may testify as to his opinion regarding Plaintiff's claim that she sustained a traumatic brain injury on the date of the incident sued upon.

18) Kerry Najolia-Defense Expert Use of Force
2564 Cedar Lawn Drive
Marrero, Louisiana 70072
Expert Witness may testify as to the actions of Julio Alvarado during the incident sued upon.

19) Any witness needed for impeachment.

## 13.(b)    Certification

Defendants certify that their witness list was timely filed in accord with this

court's pre-trial scheduling order, and that it was supplemented after the date set by this Court's amended scheduling order.

**14.    Jury or Non-Jury**

The case is a Jury case and all claims will be tried to the jury.

Proposed jury instructions, special jury interrogatories, trial memoranda and any special questions that the Court is asked to put to prospective jurors on *voir dire* shall be delivered to the Court and opposing counsel as set forth in the Court's Amended Scheduling Order (R. Doc. 36), unless specific leave to the contrary is granted by the Court.

**15.    The issue of liability** will not be tried separately from that of quantum.

**16.    Other matters that might expedite a disposition of this case**

None at this time.

**17.    Trial** shall commence on January 21, 2025 at 9:00 a.m.

Estimated number of days, four (4).

**18.    This** pre-trial order has been formulated after counsel conferring via email and/or telephone. Counsel have not met in person. Reasonable opportunity has been afforded counsel for corrections, or additions, prior to signing. Hereafter, this order will control the course of the trial and may not be amended except by consent of the

parties and the Court, or by order of the Court to prevent manifest injustice.

**19.**    The possibility of settlement of this case was considered. Settlement conferences were held on January 4, 2024, where "[n]egotiations were productive but unfortunately no resolution of Plaintiff's claims could be achieved…" *See* R. Doc. 38 and on December 13, 2024, where "the parties were unable to negotiate a settlement of the case at this time." See R. Doc. 122.

**New Orleans, Louisiana, this 17th day of March, 2025.**

Susie Morgan
United States District Judge

Respectfully submitted,

/s/ Sierra Ambrose

Gary M. Carter, Jr. (Bar No. 27987)
Sierra Ambrose (Bar. No. 40253)
**THE CARTER FIRM**
2401 Westbend Parkway
Suite 3070
New Orleans, LA 70114 Telephone:
504-459-2309 Facsimile:
504-459-2312
gcarter@carterandfirm.com
sambrose@carterandfirm.com

/s/ James B. Mullaly

**FRANZ L. ZIBILICH, LSB#l4914**
**JAMES B. MULLALY, LSB#28296**
**JEFFREY MARTINY, LSB# 35012**
MARTINY & ASSOCIATES, LLC
131 Airline Drive
Suite 201
Metairie, Louisiana 70001
Telephone: (504) 834-7676
Facsimile: (504) 834-5409
Email: danny@martinylaw.com

.